THE PEOPLE *vs.* JOHN ERWIN and MARY ANN CLARK.

All those who aid or abet the commission of a misdemeanor are principal offenders.

Therefore one who demises a house with the intent that it shall be kept, and which is accordingly kept for the purposes of public prostitution, and who derives a profit from that mode of using the property, is punishable by indictment for a misde meanor.

The indictment should charge the defendant as the keeper of a common bawdy house in the ordinary form; and the lessee who lives in and conducts the house may be joined with the lessor in the indictment.

The case of *Brockway* v. *The People*, (2 *Hill*, 558,) explained, and so far as it is opposed to the doctrine of this case, overruled.

CERTIORARI to Albany mayor's court, where the defendants were indicted for keeping a common bawdy house. On the trial in that court, evidence was given tending to show that the defendant Erwin owned the house, and rented it to the defendant Clark to be kept for the purposes of prostitution, she agreeing to pay double the amount of rent which the house would bring if let for a lawful purpose. The defendant Clark had the management of the house; but the defendant Erwin was often in it, and well knew that it was kept as a common bawdy house. Erwin insisted that unless he acted in directing, governing, controlling or managing the house, he could not be convicted on this indictment for keeping it. But the court charged the jury, that if Erwin rented the house for the purposes of prostitution, and derived an extra profit from the keeping of the house for that purpose; and if the house was so kept

with his knowledge, then the jury would be justified in finding him guilty. The jury found both of the defendants guilty: and Erwin now moves for a new trial, on a bill of exceptions.

*H. G. Wheaton*, for Erwin, relied on the case of *Brockway* v. *The People*, (2 *Hill*, 558.)

*A. J. Colvin*, (district attorney,) for the people.

Per Curiam. In misdemeanors there are no accessories, as there are in felonies; but all the guilty actors, whether present or absent at the time the offence was committed, are principals; and should be indicted as such. In *Brockway* v. *The People* this rule was not followed. The defendant was indicted for demising his house to be kept as a common bawdy house, when the charge should have been, that he kept the house. This fault in the indictment was noticed in the dissenting opinion of Mr. Justice Cowen; and although not expressly mentioned in the opinion of Chief Justice Nelson, it was the ground on which the present chief justice concurred in the judgment which was rendered. In this case, the owner of the property, as well as the woman, has been directly charged with keeping the house. The indictment is right; and we think the instruction given to the jury was substantially correct. The man who demises a house to be kept as a disorderly house, and which is so kept with his knowledge—especially where, as in this case, he derives a profit from that mode of using the property—may well be called the keeper of the house, and be punished as such.

                                             **New trial denied.**