Bosworth, J.
This action is brought to obtain an injunction, restraining the defendants—being a board of excise for the ninth ward—from in any way or manner “ authorizing any person or persons whomsoever, to sell strong or spirituous liquors to be drunk on their premises, or to retail strong and spirituous liquors, and especially restraining and enjoining them from granting to any person or persons whomsoever, any license to keep an inn or tavern, public ordinary, or victual-ling-house, and to retail therein strong or spirituous liquors, until the further order of the court.”
On complaint, duly verified, the plaintiffs now move for such an injunction.
The complaint states, that the plaintiffs are citizens of the state, and residents and taxpayers in the ninth ward of the city, and are four of the corporators of the city. That they own real or personal estate, or both, in the city, liable to taxation, and for several years have paid taxes théreon. It states the recent heavy increase in the aggregate annual amount of the city taxes; that crime and pauperism have alarmingly increased in that ward, and that, as they believe, these evils have been caused, to a great extent, by the licensing of the sale of intoxicating liquors in that ward.
That as they are informed and believe, the defendants have procured printed licenses, which they are about to grant to sundry persons in that ward, authorizing them to keep an inn or tavern, public ordinary, or victualling-house, and also to retail and sell spirituous liquors in less or greater quantities than five gallons; and that such licenses are in direct violation of law; that they are about to grant such licenses to unfit and improper persons, and who are not of good moral character, and who, while holding such licenses, repeatedly violated their provisions during the past year.
That under color and authority of the licenses heretofore granted, the sale and use of intoxicating drinks has become so excessive, that, as an immediate consequence, $1,000,000 has been annually added to the city taxes ; twenty thousand men *620 and women have been annually sent to the city prisons; many murders and homicides, and many more violent deaths have been produced.
That the granting of such licenses in the ninth ward, to the said unfit, improper, and immoral persons, will diminish the security to the life and property of the plaintiffs, and the other inhabitants of said ward and city, and will increase the burden of taxation of the said plaintiffs, and the other tax-payers of said ward and said city.
And that the granting of any license to any person to sell strong and spirituous liquors within that ward or the city, will give color and formality of law to a nuisance, and an evil corrupting and dangerous to individuals and to society ; diminishing the value of property and the security of life, and directly producing the evils against which the said acts of the legislature were intended to guard.
The first question to be considered is,—has this or any other court the power to grant such an injunction as is sought, even if the facts stated in the complaint are true, and the consequences apprehended are likely to result from them ? If the court has no jurisdiction to restrain the defendants from.acting as commissioners of excise, and granting licenses, the motion must necessarily be denied, No case has been cited which affirms the existence of such a jurisdiction.
The statute gives “ power and authority” to the defendants to grant licenses, to such persons as they shall deem fit and proper, to retail strong or spirituous liquors, or to keep an inn or tavern, public ordinary, or victualling-house, within the said city.” (Laws of April 10,1824, chap. 26, § 1.)
“No such license shall be granted to any person who is not, in the opinion of the said commissioners, of good moral character,” (§ 8, id.)
The statute says, the defendants may grant licenses to such persons as they “deem fit and proper,” and “of good moral character,” The legislature is constitutionally competent to enact such a law. What an express statute expressly permits designated officers to do, the court cannot restrain them, by injunction, from doing.
The persons to be licensed are to be determined by the de *621 fendants, in the exercise of their discretion,-and that discretion cannot be made subservient, or subordinate to, the discretion of the courts. The court cannot restrain them from granting any licenses,- for the simple reason that while courts, acting within the scope of these powers, enforce the law, they do so by acting in obedience to it, and not by assuming an authority paramount to it. The statute declares, that they may grant licenses, and that authority the courts cannot abrogate or restrain.
The court cannot interfere under the idea that the license system is a nuisance; whatever is permitted by a statute which the legislature is constitutionally competent to enact, is not, in judgment of law, a nuisance.
With the wisdom or expediency of a law, the courts have nothing to do. They are bound to administer the laws as they find them ; and would be derelict in duty if they failed to do so in any case, on the ground that they deemed them unwise and inexpedient; nor are they at liberty to arrest the action of public officers, charged by statute with a public trust, and authorized to act according to then* judgment and discretion, because the courts may think the statute conferring the authority pernicious in its consequences, and one that ought to be modified or repealed.
If the acts under which licenses are granted, are violated, the offenders subject themselves to a penalty, also to fine and imprisonment (§ 2, id.).
The injurious consequences alleged to result from the system and licenses granted, so far as the complaint shows, produce no pecuniary injury to the plaintiffs, differing in its character from that inflicted on every resident and tax-payer of the ninth ward. It is, of itself, a reason why the court could not interfere at the suit of an individual, to restrain a nuisance, when there is no ground for interfering, except that which is common to all the inhabitants of the ward.
While the statute continues in force, the only remedy any citizen has is to prosecute, when such cases occur, for a violation of duty in granting licenses, or for violations of the provisions of the act, by those to whom licenses may be granted.
I consider it entirely clear, that the court has no jurisdiction *622 in the matter. The motion must therefore be denied, with ten dollars costs.
Culver & Parker, for plaintiffs,
R. J. Dillon, for defendants.
Approved, on consultation.