---

# SUPREME COURT.

## SAMUEL and another agt. BUGER and another.

Where an *injunction* is asked, to restrain a defendant from selling articles with a particular *trade-mark*, established by a third person, which the plaintiff claims is in violation of his right to the use of such trade-mark, it must clearly appear that the defendant is seeking to make sale of articles manufactured by *him* (the defendant) as those manufactured by the individual who established the original trade-mark—and the plaintiff's right to the use of such trade-mark must be clear.

When, in such cases, the power of the court has been invoked, it has been to restrain the defendant from making his goods and selling them, as and for the goods manufactured by the plaintiff, on the ground that such a fraud was an injury to the plaintiff, and tended to mislead and deceive the public.

But where the plaintiff claims the right to the use of the trade-mark as assignee by purchase, he cannot call upon the court to protect him by injunction from the sale by the defendant of the *original* article. This remedy would seem to be in favor of the defendant in such case.

*New-York Special Term, Dec.,* 1856.

COMPLAINT filed by plaintiffs, who allege that they are the assignees of Sylvester L. Samuel, who, by agreements with one Iberson Brindle, acquired the right to use his name upon watches manufactured by Samuel or his assignees.

The defendants sell watches manufactured by Brindle, and stamped with his name.

It is sought to restrain them from so doing by injunction.

D. D. FIELD, *for plaintiffs.*
E. W. STOUGHTON, *for defendants.*

DAVIES, Justice.   The rule governing the interference of courts in this and like cases, is well laid down by DUER, Justice, in *Amoskeag Manufacturing Company* agt. *Spear*, (2 *Duer*, 607.)   He says, " At present, it is sufficient to say that in all cases where a trade-mark is imitated, the essence of the wrong consists in the sale of the goods of the manufacturer or vendor as those of another ; and it is only when this false representation is directly or indirectly made, and only *to the extent in which it is made*, that a party who appeals to the justice of the court can have a title to relief."

Applying these principles to the facts in this case, we shall see, I think, that the plaintiffs invoke a rule of law which the defendants might claim to be applied to them, but which will not avail the plaintiffs.

The plaintiffs say, that Brindle, as a watch-maker, had acquired a reputation as such, and that all watches manufactured by him were stamped with his name.   That Sylvester L. Samuel purchased from Brindle the right to stamp Brindle's name on watches manufactured by Samuel, and that Samuel assigned to the plaintiffs the right to stamp Brindle's name on watches manufactured by them.

The defendants have on hand for sale the watches manufactured by Brindle, and stamped with his name, and this court is called upon to restrain them, by injunction, from selling the genuine article, and thus to protect the plaintiffs in selling the simulated.   The plaintiffs ask this court to bind them in passing off on the public watches manufactured by them, and held out to the public as made by Brindle, when in truth the watches made by Brindle, and stamped by him with his name, are those which the defendants seek to sell.

If the defendants were seeking to make sale of watches manufactured by them as those manufactured by Brindle, and the right of the plaintiffs to use his name as a trade-mark was clear, then the injunction should go ; but I think they cannot call on this court to aid them in passing off the watches made by them as those manufactured by Brindle.

Another rule enunciated by Judge DUER in the case of the

Amoskeag Manufacturing Company, above cited, is to be applied to this case. On page 618, he says, " The rule is fully settled, and is recognized in nearly all the cases, that, in suits of this nature, an injunction is never to be granted in the first instance, if the exclusive title of the plaintiff is denied, unless the grounds upon which it is denied are manifestly frivolous. When the title is disputed, the course is to let the motion for an injunction stand over until the plaintiff has established his legal right in an action at law." (*Partridge* agt. *Menck*, 2 *Sand. Ch. R.* 622; *S. C.* 2 *Barb. Ch. R.* 101. *The case of Motley* agt. *Downman*, 3 *Mylne & Craig, p.* 1, *is an authority in point.*)

The counsel in that case argued that the fraud, if any, was on the part of the plaintiffs, who persisted in using a name which designated tin plates, manufactured at particular works, after they had ceased to occupy the same, and had removed to a distance of over forty miles, and had established other works.

Lord Chancellor COTTENHAM thought the right so doubtful that he refused the injunction. I am satisfied from his examination of the cases on the subject of trade-marks, that in no case like the present has an injunction been issued, and to issue one in this case would be violating all the rules laid down in the books applicable thereto.

When the power of the court has been invoked, it has been to restrain the defendant from making his goods and selling them as and for the goods manufactured by the plaintiffs, on the ground that such a fraud was an injury to the plaintiff and tended to mislead and deceive the public.

No such case is presented here, and the motion for injunction must be denied, with costs.