# NEW YORK SUPERIOR COURT.

MARIA ANDERSON, respond't agt. PATRICK DICKIE, appell't.

The *owner* of real property in a city, who makes a *coal vault* under the side-walk opposite the premises, for his own convenience, is not relieved from liability for injuries received by a citizen, who, in passing over it with ordinary care, falls through *an insecure circular grating* leading to such vault, although he has demised the premises to a *tenant* who had had for several years and then was in possession of the premises; and although there was some evidence to show that at the time of the accident such grating was left out of its place by the tenant, who had just previously used it.*

* NOTE.—A *query* seems to arise in this case upon the evidence: That is, what effect, if any, should be given to the fact that the *circular grating* in the side-walk had been there *thirty-nine years*, during the ownership of the premises by the de-

Anderson agt. Dickie.

*Heard General Term, Oct., 1863; decided Nov. 14, 1863.
Before* MONCRIEF, ROBERTSON *and* MONELL, *Justices.*

*Statement of facts, by the appellant :*

THE plaintiff sues to recover damages sustained by her in consequence of injuries received by her on the 12th June, 1862, by stepping into a vault-hole in front of premises Nos. 68 and 70 Lispenard street, owned by defendant. The defendant admits ownership of premises, and of vault being in front of said premises, but denies all the other allegations of the plaintiff, and says said vault-hole was well built, in good condition, and covered by a strong, substantial cover, which was well secured in its place. That on the first May, 1862, he parted with the possession of basement and vaults of said premises, with said vault-hole and cover, to a tenant for one year from May first, 1862, to first May, 1863, and the same was in the occupancy of a tenant, and not in the possession of the defendant, at the time of the receiving of the injury by plaintiff.

*The statement of facts by the respondent was, that :*

On the 12th day of June, 1862, the defendant was, and for thirty-nine years prior thereto had been, the owner of the building at the corner of Broadway and Lispenard street, known as Nos. 68 and 70 Lispenard street.

The defendant, without authority of law, had constructed and continued for his private use a vault under the part of the public street known as the side-walk, adjacent to said building, during that time.

On the first day of May, 1862, he let the basement and

---

fendant, in the same condition, and without any complaint or previous accident; whether it should not be considered *prima facie* evidence, at least so far as the defendant is concerned, that it was *secure as against the public* when the defendant had given evidence to show that it was left out of its place by the tenant when this accident happened? This, although a question for the jury, would seem to require proper instructions from the court.—REP.

vaults under the side-walk to one James Walnut. What the agreement between him and Walnut was does not appear.

At the time he let the premises to Walnut, there was no fastening on the grate to prevent its being moved in its bed, but the same was loose and in a dangerous condition, and had been for a long period prior thereto.

The defendant, at the time of the accident, occupied a portion of the premises, and other portions of the same were occupied by several other tenants.

On the 12th day of June, 1862, the plaintiff, while passing along Lispenard street in a proper and orderly manner, stepped on one of the defective grates used to cover a vault-hole on the premises in question, and fell through, inflicting severe injuries to one of her limbs, from which she had not recovered at the time of the trial.

Shortly after the accident, the defendant repaired the grating at which the accident occurred, and put a crossbar and chains on it, and fixed it securely, so that it could not be moved in its bed.

The jury found a verdict for the plaintiff for $750, upon which judgment was entered on the 28th of March, 1863, from which judgment and an order denying a motion for a new trial this appeal is taken.

On the trial, the appellant claimed that the following facts were shown:

That the premises were in the occupation of a tenant; that the plaintiff was walking through Lispenard street on the 12th June, 1862, when she stepped into the opening above the coal-vault, and was injured, and was attended by a doctor; that the same tenant occupied the premises between three and four years, and used the vault-hole in taking coal in; that he uncovered the hole about once, twice or three times a week to take in coal; and there was no difficulty about the vault or grating up to the occur-

rence of this accident; that when the grating was in its bed it could be walked over and pressed upon in any way from the outside without disturbing it, and that it could not be moved by stepping on it; that on the day the accident occurred, the grating had been removed and coal put through the hole into the vault, and that the coalman did not put back the grating. There was no evidence of any knowledge, notice or suspicion on the part of the defendant that the grating was out of order; none that the tenant had replaced the grating after having lifted it in order to put in coal, but evidence to the contrary; none that defects of structure in any manner contributed to the accident; but there is positive proof that at the time of the accident the grating was not in its bed, and that the tenant was in the habit of leaving the grating off after putting in coal.

BENEDICT & BOARDMAN, *attorneys, and*
A. BOARDMAN, *counsel for appellant.*

I. The motion to dismiss the complaint should have been granted.

1. The premises were, at the time of the accident, in the possession of the tenant, and he was *prima facie* liable. (*Eakin* agt. *Brown*, 1 *E. D. Smith R.* 36; *Mayor* agt. *Corlies*, 2 *Sand. R.* 301.)

2. The evidence showed that the tenant had used the opening for the purpose of putting in coal, and there is no evidence to show that he had replaced the grating in its bed.

3. If the tenant, as the presumption is, did not replace the grating in its bed after using it, he, and not the defendant, is liable.

4. The burden of proof is on the plaintiff, and she was bound to give some evidence that the accident *was*, not merely that it *might have been*, occasioned by defects of structure. "In cases of torts it is necessary to show that

the particular damage in respect of which the plaintiff proceeds, must be the legal and natural consequence of the wrongful acts imputed to the defendant." (*Butler* agt. *Kent*, 19 *Johns. R.* 223.)

5. No defect or perfectness of structure could have had any effect in producing or preventing an accident, if the grating was not properly restored to its bed after being taken off.

6. There was no proof of any relation between the defects of structure and the accident, and consequently nothing to go to the jury.

7. Any verdict rendered on the plaintiff's evidence would be set aside as against the weight of evidence, and it is the judge's duty to nonsuit where a verdict for the plaintiff would be against the weight of evidence. (*Wilds* agt. *Hudson R. R. R.* 24 *N. Y. R.* 430; *S. C.* 23 *How. Pr. R.* 492.)

8. The judge is not justified in leaving the case to the jury where the plaintiff's evidence is equally consistent with the absence as with the existence of negligence in the defendant. (*Colton* agt. *Wood*, 99 *Eng. Com. Law*, 566, *cited with approbation in the above cases.*)

II. The carelessness of the plaintiff contributed to the injury, and therefore the defendant is not liable. (*Wilds* agt. *H. R. R. R. supra.*)

III. The judge erred in refusing to charge " that a landlord, during the tenancy, gives up entirely to the tenant the premises demised, and has no right to enter them for any purpose. His entering is permissive only, like that of any other person. If he enters without leave he is a trespasser."

IV. The judge erred in refusing to charge "that the defendant cannot be held liable except for negligence of his own. He is not in any respect responsible for the negligence of his tenants."

V. The judge erred in refusing to charge " that if the accident could not have happened provided the grating

had been properly placed in its bed, the landlord is not liable in the absence of proof that he had anything to do with its displacement."

VI. The judge erred in refusing to charge " that if the accident happened by reason of the tenant not replacing the grating in its bed after taking the same away, the landlord is not liable for the injury."

VII. The judge erred in refusing to charge " that it is the business of the tenant, and not of the landlord, to fix the grating into its bed after using it."

VIII. The judge erred in overruling the objection raised to the question, " What is the probability of her recovery from that injury—is it a permanent one, or one that she will be likely to recover from ?" (*Curtis* agt. *Rochester & Syracuse R. R.* 18 *N. Y.* 534; *Morehouse* agt. *Mathews*, 2 *Coms.* 514; 1 *Phil. Ev.* 290; *Kellogg* agt. *Totten*, 16 *Abb. Pr. R.* 25.)

` IX. The judgment of the special term should be reversed.

IRA D. WARREN, *counsel for respondent.*

I. The first exception at folio 25, " as to whether the injury was permanent, or one that she would be likely to recover from," is not well taken. It was proper on the question of damages. (*Caldwell* agt. *Murphy*, 1 *Duer*, 233; *id.* 11 *N. Y.* 416; *Curtis* agt. *R. & S. R. R. Co.* 18 *N. Y.* ·534.; *Lincoln*.agt. *The. S. & .S. R. R. Co.* 23 *Wend.* 425.)

II. The court properly denied the motion to dismiss the ·complaint. The case shows that the defendant, for his own benefit, had constructed and continued vaults under the public street without any special authority, and had continued the same for thirty-nine years; and that the injury occurred by reason of the imperfect manner in which such vault was covered and protected.

The rule is well settled, that where a party appropriates any portion of the street or highway to his own use, he is

bound at his peril to keep it in such a condition that it is as safe as before. And even the fact that it has been rendered unsafe by the act of a stranger will not relieve him from liability where the party injured was free from negligence. (*Congreve* agt. *Smith*, 18 *N. Y.* 79; *Congreve* agt. *Morgan*, 18 *N. Y.* 84; *Dygert* agt. *Schenck*, 23 *Wend.* 446; *Harlow* agt. *Humiston*, 6 *Cow.* 191; *Angell on Highways*, § 223; *Bac. Abr. Highways, D.*)

The evidence shows that the defendant was guilty of negligence in not having this defective grate properly secured. (*Curtis* agt. *R. & S. R. R. Co.* 18 *N. Y.* 534.) There is an entire absence of any evidence of negligence on the part of the plaintiff, and the judge would not have been warranted in taking the case from the jury. (*Johnson* agt. *H. R. R. R. Co.* 5 *Duer*, 21; *Oldfield* agt. *N. Y. & Harlem R. R. Co.* 14 *N. Y.* 314; *Williams* agt. *O'Keefe*, 24 *How. Pr. R.* 19.)

She was walking in the highway of the city, upon the belief and assurance that it was in a safe and proper condition to be traversed, and as a matter of law was justified in relying upon that belief. (*Dargie* agt. *Magistrates, &c.* 27 *Scottish Jurist*, 311; *Hay on Liability*, 208, 215; *Davenport* agt. *Ruckman, in this court transcript*, Dec. 3d, 1862; 24 *How. above cited*, 19.)

She had a perfect right to suppose there was no danger in passing along the side-walk, and it could not have been expected that she should watch at every step for some defective and dangerous grate or flagstone, which the law does not permit.

It was not possible for her to exercise any positive skill or care to avoid a danger which she had no cause to suppose existed. Such a proposition presupposes a previous knowledge of the danger, which the evidence shows she had no knowledge of.

All that could be required of her, was to conduct herself with propriety, and use the side-walk as it was intended to

be used, and she was entitled to an unobstructed passage along every portion of it. (*Ang. on Highways*, § 226.)

If it had appeared that she previously knew of this defective grate, perhaps some positive evidence would have been required of the exercise of care.

The court will not presume negligence in the absence of evidence. (*Johnson* agt. *H. R. R. R. Co.* 5 *Duer*, 25; *Button* agt. *id.* 18 *N. Y.* 252; *Johnson* agt. *H. R. R. R. Co.* 20 *N. Y.* 65.)

This case is different from that where a person puts himself in the way of a legalized danger—as a crossing on a railroad track—for that which is authorized by an act of the legislature cannot be a nuisance. (*First Baptist Church* agt. *U. & S. R. R. Co.* 6 *Barb.* 318.)

Whatever the law authorizes a person is presumed to know, and, if attended with danger, under obligation to use care and diligence to avoid; but a person is not presumed to know that which exists in violation of law—such as a public nuisance arising from an act done to a highway which detracts from the safety of travelers. (24 *How.* 19; Justice MONELL's *opinion*; *Burrill's Law Dictionary*, vol. 2, p. 587; *Broom's Legal Maxims*, 122; 3 *Bl. Com.* 215; 4 *Bl. Com.* 27.)

The defendant let the premises to Walnut, with this grate in a defective and dangerous condition, and on that ground alone is liable for any injury resulting to third persons by reason thereof. (*Taylor's Landlord and Tenant*, p. 109, § 175; *Brown* agt. *C. & S. R. R. Co.* 2 *Kern.* 487; *Corporation Revised Ordinance*, 1857, p. 259, § 16.)

III. The first proposition or request to charge was properly refused, except as his honor the judge had already charged.

There was no lease in evidence in this case, showing what the terms of the letting to Walnut were. (3 *Graham and Waterman on New Trials*, 711, 795.) The jury had a right to infer, from the fact that the defendant did go on

the premises and repair them after the accident, that it was his business to repair. This evidence rebuts any presumption that it was the tenant's duty to repair.

A landlord, during the tenancy, has a right to go upon the premises peaceably for certain purposes, viz : " To demand rent, to use all ways appurtenant thereto, to make such repairs as are necessary to prevent waste, or to remove obstructions." (*Taylor's Land. and Ten.* § 174, *p.* 108.)

The judge could not therefore charge in the terms of the request without qualification, and his refusal to charge as requested was no error. (*Bazley* agt. *Smith,* 6 *Seld.* 489, 499 ; *Carpenter* agt. *Stillwell,* 1 *Kern.* 61 ; *Kernan* agt. *Rocheleau,* 6 *Bosw.* 148 ; *Magee* agt. *Badger,* 30 *Barb.* 246 ; *Gardner* agt. *Clark,* 17 *Barb.* 538.)

We are not able to see how the fact, if it was true, that the defendant had let the premises to another party in such a way as to preclude him from entering thereon, could affect the rights of the plaintiff, as he let them with this dangerous and defective grate, and received rent for its use.

" It was the defendant's duty to know that the side-walk over his vault was safe." The plaintiff had a right to presume it was. (*Cases under Point II; Ryan* agt. *Fowler,* 24 *N. Y. R.* 414.)

IV. The second request to charge was properly refused, except as it was charged, as there is no evidence to support it. There was no lease in evidence, nor any agreement proved, containing any such provisions, and such a charge would have been improper. (*Mayor of New York* agt. *Price,* 5 *Sand.* 542 ; *Kernan* agt. *Rocheleau,* 6 *Bosw.* 148 ; *Rushmore* agt. *Hall,* 12 *Abb.* 420.)

This building was occupied by several tenants. The defendant himself occupied a portion of it, and the jury having found that the accident occurred, not by negligence in the use of the grate, but by its careless and negligent construction, the defendant is liable. (*Eakim* agt. *Brown,* 1 *E. D. Smith,* 36.)

V. The sixth, seventh and eighth requests were charged, we submit, in stronger terms than the defendant's request.

These requests all amount to the same thing, viz : Was it the tenant's or the landlord's negligence that occasioned the injury ?—which question was submitted to the jury under proper instructions. Certainly under instructions more favorable for the defendant than the adjudged cases warrant. (*Cases under first part of Point II.*)

VI. No exception was taken to the charge, and we submit that every request to charge, which was in any way warranted by the evidence, or correct as a proposition of law, was fully and distinctly charged. The damages were small, as the injury was shown to be of a permanent character. She had not recovered from it at the time of the trial, and the testimony of the physician shows that it was of a serious nature.

VII. The evidence as to the improper construction of the grate is almost all against the defendant. The witness Walnut, who occupied the premises, swears there was no fastening on it for a period of four years previous to the accident.

He swears there was none on it when it was let to him on the first of May, 1862.

Martin swears, three months before the grate was loose and in a dangerous condition.

Moore swears, that the rust in the eye, where a fastening should be put, indicated that none had been on for a long time.

Dickie himself does not swear that there ever was a chain or fastening on that grate.

He swears that after he had put a chain on it, at the time he repaired it after the accident, it was not secure until he repaired it again, and put pins in it.

It could not therefore have been safe at the time of this occurrence, with neither pins nor chains on it.

It cannot therefore be denied, that this grate was insecure and dangerous at the time, and for a long time prior to his letting of the premises to Walnut on the first of May, 1862.

This was the fourth grate from Broadway ; Dickie's witnesses all examined the third, so that there is no contradiction as to the condition of this grate.

VIII. The judgment should be affirmed, and the motion for a new trial denied.

By the court, ROBERTSON, Justice. The plaintiff was injured by falling through a circular aperture in the pavement of the street in front of Nos. 68 and 70 Lispenard street, in the city of New York, from which a passage descended into a vault adjoining such premises and used therewith. This opening passage and vault were there when the premises were let by the defendant to a tenant. Such aperture was covered usually by a loose, movable circular grating, sunk into a circular flange or socket cut into the flagging of the side-walk, on which it rested. It appeared in evidence that a chain, fastened to such grating and to a bar on the inside of the vault, would have added to the certainty that such grating would not be moved. It also appeared that a grating with prongs, with a double chain fastened to each side of the opening, and a flange projecting beyond the edge of the opening and resting on the pavement, would have been the most secure. The evidence as to the existence of any fastenings to such grating when the premises were let by the defendant, as to the possibility of tilting up the grating, if it was in its socket, and as to the condition of the fastening and grating at the time of the accident, was conflicting. There was some evidence to show that the grating had been displaced and left unreplaced by the tenant.

On the trial the defendant's counsel requested the court

to charge the jury, among other things : 1st. That a land-lord had no right to enter premises let by him, without the consent of the tenant.    2d. That he is not bound to make repairs when he lets such premises by a lease binding the tenant to leave the premises in as good a condition as when he entered.    3d. That he is only liable for his own negligence, and not for that of his tenants.    4th. That he is not liable unless proved to have had something to do with the displacement of the grating, where the accident could not have happened if it had been properly placed in its bed.    5th. That he is not liable if the accident hap-pened by reason of the tenant's not replacing the grating in its bed after using the opening.

The learned justice who presided at the trial charged the jury : 1. That the law imposed upon the owner of pro-perty in a city, who used any part of a street for his pri-vate purpose, the duty of employing all necessary and proper means for the prevention of damages and injury that might arise from the use of such public street by him, and he is responsible for all injury resulting from the street being made thereby less safe for its proper uses when there is no negligence on the part of the party injured.    2. If the grating was insecure at the time of the happening of the accident in question, and that was occasioned by the negligence of the defendant, he is liable in this action ; for, being the owner of property, he was bound to see that the grating was kept securely.    3. If the jury were satis-fied, without the chain and bar the grating was entirely secure and free from liability to cause accidents to persons passing over it, the defendant was not guilty of negligence. 4. If the defendant did not resort to all necessary and pro-per means to render the grating secure, and its insecurity had existed and continued for a considerable time previous to this action, he is liable.    5. The law is answered by a landlord's using reasonable diligence, at the time of letting the property, to see that it is in good condition.    6. The

defendant would not be liable if the grating had been secured by him previously, and the security had been removed by the tenant or any one else. The court refused to instruct the jury upon these points requested otherwise than it did in such charge, and the defendant's counsel excepted to such refusal.

It was not probably intended to be maintained on behalf of the defendant that the liability of the tenant would absolve him from all responsibility for the injury to the plaintiff. The creator of a nuisance, or one who more remotely, either by negligence or design, furnishes the means and facility for the commission of any injury to another, which could not have been done without them, is equally responsible with the immediate wrong-doer. (*Vandenburgh* agt. *Truax*, 4 *Denio R.* 464; *Thomas* agt. *Winchester*, 6 *N. Y. R.* 397; *McCahill* agt. *Kipp*, 2 *E. D. Smith's R.* 413.) So, too, if the defendant had never let the premises adjoining the vault, and the grating had been left in a condition to be easily moved by a stranger, and it had been so moved as to cause the injury in question, it would hardly be contended that the defendant was not liable for the injury to which he had contributed. The only question which remains, therefore, is, whether the defendant relieved himself from responsibility in such case by demising the vault and its appurtenances, with the insecure grating, to a third person?

It was held in the cases of *Congreve* agt. *Smith* (18 *N. Y. R.* 79), and *The Same* agt. *Morgan* (*id.* 84), that persons constructing an area in the highway are bound at their peril to keep it so covered that the way would be as safe as before the area was built, wholly irrespective of the covering being rendered unsafe by the wrongful act of a third party; which was followed by this court in the case of *Davenport* agt. *Ruckman* (*Gen. Term Superior Court*, 1863, *Nov.* 29). It may well be doubted whether, even if the defendant in this case had let the premises with the grat-

ing over the vault-hole secured by only movable fastenings, he would not be responsible for injury caused by those fastenings being removed, where he parted with their possession and control. He could hardly be held to have discharged his duty to the public by leaving such traps as vault-holes, guarded against doing injury only by fastenings easily undone and intended to be undone constantly by the tenant, for which facility he may be supposed to have been receiving part of his rent. But if there were no fastenings, but merely a loose cover to the opening, he would still be more obnoxious to responsibility for its removal. The charge was more favorable to the defendant than he could ask, since it exempted him from liability if he used reasonable diligence to see that the premises were in good condition when he let them, and if the grating had then been secure. Although the security had been removed by another, it only made him liable in case the grating was insecure at the time of the accident by reason of the negligence of the defendant, and if he did not resort to all proper and necessary means to make it secure, and its insecurity had existed for a considerable time.

The request to charge as to the right of a landlord to enter premises let by him, if relevant, was too broad; he can do so to prevent waste, and certainly to save himself from liability for leaving an exposed opening in the highway. It was not absolutely necessary that he should go on the premises to add a chain and fastening to the grating. There was no evidence of such a lease as was supposed in the second request, if there had been the addition of a chain and fastening to the grating. There was no evidence of such a lease as was supposed in the second request; if there had been, the addition of a chain and fastening never before there, in order to prevent accidents, could hardly be called *repairs*. He was made liable only for his own negligence. The previous remarks dispose of the question of liability for the displacement of the grating

by the tenants or a stranger, when facilitated by the negligence of the defendant, which is embraced in the remaining three requests to charge before specified.

There being, therefore, no error in the refusal to charge, the judgment must be affirmed.