J ones, J.
Under the case of Congreve v. Smith, (18 N. Y. Rep. 79,) this coal hole, whether covered or uncovered, was a public nuisance. Being a public nuisance the persons who made or continued it are liable for all injuries to individ *143 uals resulting from the street or highway being thereby less safe for its appropriate use, there being no negligence by the parties injured. (Congreve v. Smith, 18 N. Y. Rep. 79. Creed v. Hartmann, 29 id. 591. Wendell v. Mayor, &c. of Troy, 39 Barb. 329.)
No question of negligence can arise. Those making or continuing a public nuisance are bound at their peril to keep the highway in which the nuisance is situated as safe' as it would have been if the nuisance were not there; and neither the fact that they had no notice of the condition of the nuisance, or the fact that they were under no obligations to repair, will relieve them of their liability. (Congreve v. Morgan, 18 N. Y. Rep. 84.) Under these authorities the affirmative defense in the answer of the Woods is invalid in law, except so far as it sets up as a defense that they have not continued the nuisance.
By the same authorities, the affirmative defenses in the answer of Fowler are invalid in law, except so far as it sets’ up as a defense that he is not a continuer of the nuisance ; since he clearly did not erect it.
Under these authorities, the allegations in the answer of the Woods, as to the condition of the hole, the fastening of the cover, and the obligation of Fowler to make repairs, constitute no defense.
By the same authorities, the allegation in the answer of the defendant Fowler, that the hole was not constructed by him, constitutes no defense if he continued it; and the allegations contained therein, as to the hole being provided with a good and substantial covering, fastened from below; as to the control thereof by the Woods; and as to the occurrence of the casualty by reason of the negligence of the Woods, constitute no defense. I am aware that it is stated in Davenport v. Ruckman, (10 Bosw, 37,) that a party is not liable, if) after parting with the premises, some one, without his assent, renders a nuisance previously existing therein dangerous. It is not necessary, in this case, to re-examine the correctness of this proposition, *144 because Fowler had not parted with the premises at the time when the casualty occurred.
The defendant Fowler, however, raises the point, that as he was neither owner in fee nor occupier, he is not liable, and that as the premises of the demise whereof he is assignee, do not include the sidewalk, he, for that reason, is not liable. These matters, under the authority of the case of Davenport v. Ruckman, do not relieve him if he has continued the nuisance. In that case the injuries to the plaintiff were occasioned by a fall into an excavation. The excavation was a cellarway, below the level of the pavement, extending, on the sidewalk, six feet in front of the line of the street, with descending steps, to a cellarway in the front wall of the building. The defendant Ruckman, did not make the excavation, but was the assignee of a lease for twenty-five years of the premises behind it, into which the steps in it led, and by such lease became the owner of the buildings to be erected during the term. They were occupied at the time of the accident by a tenant of his, who agreed with him to put the premises in repair. The defendant, Ruckman, never repaired the premises, was frequently there to collect his rents, and paid his own. On these facts the court, (pp. 36, 37,) held that if Ruckman adopted the nuisance, he was liable as an insurer of all persons who passed over the opening, however carefully protected it might be. That was a decision, at general term, of this court, and binding in this case.
It results from the foregoing remarks, that if the defendants are. continuers of the nuisance in question, they are liable, under the evidence in this case.
If, then, there is evidence tending to show that they are such continuers, the judgment of dismissal of the complaint must be reversed. As to the defendants, Woods, there is evidence that this coal hole was attached to the premises occupied by them for the purpose of being used to put in coal, and that previous to the accident they had actually used the coal hole for the purpose of putting coal into their vaults. There can be no question but that the user of a nuisance by a person *145 claiming a right to use it, constitutes a continuance of the nuisance by such person.
As to the defendant Fowler, he held the reversionary interest in a lease for the unexpired term ; he also was the holder and owner of the lease under which the defendants Woods occupied. These facts make him liable as a continuer of the nuisance, on the ground that he receives the rent reserved for the nuisance. He is also liable on the ground that he became the owner of the reversion of a term of years, with the nuisance thereon, and as such the nuisance was under his control, and he was bound to abate. The fact that there was a sub-demise made by Higgins, at the time he took the reversion, does not relieve him. He subsequently became the assignee, from the lessor Higgins, of the sub-demise. Although, perhaps, the nuisance was not, during the sub-lease, under his control, yet he became entitled to receive the rent which was reserved in part for the nuisance, and as he thereby took the benefits accruing to the lessor therefor, he also took the burthen imposed on the lessor by that lease, and the granting thereof, at least so far as nuisances are concerned.
These points were ruled in The King v. Pedley, (1 Adol. & Ellis, 822,) and Rogers v. Stewart, (5 Vermont Rep. 215.)
In Rogers v. Stewart, one Stephen's erected the nuisance, and then leased the premises having the nuisance thereon to the defendant Hayt, and then assigned the lease to the defendants Stewart & Phelps. The court held Stewart & Phelps liable.
In Davenport v. Ruckman, (ubi sup.) it was held that the nuisance in question, to wit, an area, being the mode of access to the lower part of the building as an appurtenance, and being used for such access, and Ruckman having let the premises having this appurtenance attached, he was liable, as having sanctioned and adopted the nuisance.
Upon this principle, Higgins would have been liable by reason of his lease to the Woods. This lease was assigned to the defendant Fowler. Fowler could not say that under this ' lease he would receive the profits reserved by it for the use of a nuisance which is sanctioned by it, without rendering himself *146 liable by reason of such sanction of the nuisance. The case of Rogers v. Stewart, (5 Vermont Rep. 218,) holds that he cannot take this ground.
It may seem to be hard to hold persons liable as continuers of a nuisance, upon the simple ground of using it, or receiving-profit for its use, or purchasing the premises having the nuisance thereon, without such persons having any notice or knowledge thaf" the thing complained of is a nuisance. Such however is the law, in my view, and, I see no reason for altering, refining or modifying the law to meet supposed hard cases. It is no harder to hold a person to be a continuer under these circumstances, than it is to hold that an owner of land who contracts with a builder to build a house in a good, and substantial manner, is liable for a nuisance erected by such builder in the course of building the house, although such owner has no notice that such erection was a nuisance, on the mere ground that the work was done for him, and that he is to derive profit therefrom; and yet this is distinctly ruled in Congreve v. Smith, and Congreve v. Morgan, (18 N. Y. Rep. 79, 84.)
There are two points remaining. The defendant Fowler claims that he is improperly joined with the other defendants. The action proceeds on the theory that the defendants, in continuing the nuisance, are guilty of a tort; that being so, the liability is both several and joint, and the action is well brought against all who are jointly liable. It is not necessary to so bring it ¡ it may be brought against one only, but if brought against all, it is well brought, (Creed v. Hartmann, 29 N. Y. Rep. 291.)
The point that no action will lie against a continuer of a nuisance, without previous notice to discontinue the same, is not raised. If it had been raised, I think the reasoning of Judge Denio on this point, in Brown v. Cayuga and Susquehanna R. R. Co., (12 N. Y. Rep. 492,) shows conclusively, its invalidity.
The dismissal of this complaint should be set aside, and a new trial ordered. If, on such new trial, no evidence be adduced altering or contradicting the evidence before us, the *147 plaintiff will be entitled to recover against all the defendants such damages as he has sustained by the injury.
Judgment of dismissal of complaint set aside, and new trial ordered, costs to abide the event.
'McOmm, J.
The authorities cited by the learned Chief Justice, in Davenport v. Ruckman, (10 Bosw, 37,) and by Mr. Justice Joses, in his opinion in this case, show that the. law is well settled in declaring these coal holes in the sidewalk, where they are negligently maintained, to be a nuisance; and it is quite as well settled that where a person grants a lease of premises and receives rent from the occupant thereof, he can be held liable if injury be sustained by a third person by reason of such -existing nuisance on the premises at the time he so lets the same. Such a rule of law is based upon the equitable principle that a pecuniary benefit is derived from the continuing nuisance. This principle is clearly defined in Anderson v. Dickie, (26 How. Pr. 117;) People v. Evans, (4 Denio, 129;) King v. Pedley, (1 Ad. & El. 822.) In the case before us, the defendant Fowler let the premises to the defendants, the Woods, for a term of five years, and was receiving a very large pecuniary benefit for the use of the same; he, therefore, became liable to the plaintiff in this action, under the rule laid down in the cases above alluded to, unless the theory propounded by the defendant Fowler be correct, to wit, that this coal slide, from the sidewalk to the.cellar or vault of the house, was not part of the appurtenances so leased to him ; and he relies upon this theory because, as he alleges, the sidewalk, being part of the highway, the owner or lessees of the property have no interest or. property in the same, and can derive no pecuniary benefit therefrom, and they are not, therefore, liable for negligently maintaining the same. After a careful examination of all the facts and circumstances surrounding this case, I am forced to the conclusion that it was an appurtenance to the premises, and, as such, placed there exclusively for the use and benefit of their owners and occupants.
*148 The hole through which the plaintiff fell was an opening in the sidewalk, through which coals and other materials are commonly put, and which is intended for use by the occupants of the house, and to be kept in the cellar or vaults thereof.
Eow, before these vaults or slide holes can be built, compliance must be had with an ordinance of the croton, water board of this city. This ordinance requires that permission must be first had and obtained, and paid for, from that body; and, in addition to this, before such permission is granted, the owner of the vault and hole about to be erected, must agree to use it as an appurtenance to the house on which it fronts only. This being the case, it must be presumed that, before this vault, hole or coal slide was put up, permission- was so obtained from the proper authorities. The moment the permit is obtained, the vault and slide built, and it becomes useful and valuable to the owner and occupant of the premises, it not only becomes an appurtenance to the premises, but becomes one, for the safety of which the owners, occupants, and those benefited by it, are liable, and they are bound to keep it properly secured against danger and risk to strangers.
Moreover, at -the time Mr. Fowler rented the premises from Higgins, it is in evidence that he knew and saw this vault and coal slide, and he must have deemed it part of the premises. Indeed it cannot be admitted, for a moment, after examining the testimony, that it was not an appurtenance, and that Mr. Fowler let it as such to the Woods, and that he was receiving a pecuniary benefit from the use of the same. This brings the case under the ruling in the cases of The King v. Pedley, (1 Ad,. & El. 822;) Anderson v. Dickie, and People v. Erwin, (4 Denio, 129.) The defendants are clearly liable, and I, therefore, concur with Justice Jones in saying that a new trial should be granted, as against all the defendants.
Robertson, Oh. J.
I regret to differ from my associates as to the liability of the defendant Fowler. That must be governed by some principle entirely different from any regulating the liability of his co-defendants, because his connection with *149 the source of injury to the plaintiff appears by the evidence to be entirely indirect, remote and passive, and can only be created by some legal presumption. Such a legal presumption arises where a party has purchased premises upon which a nuisance exists, which is suffered to continue after he becomes owner. (Rex v. Pedley, 1 Ad. & El. 828,) and generally where the owner of premises derives a profit from a nuisance upon, or appurtenant to such premises. (People v. Erwin, 4 Denio, 129. Anderson v. Dickie, 1 Rob. 244, and cases cited.) So, also, every one who, by design or culpable negligence, supplies the means or facilities for injuring another, and they are a cause of harm to him, is civilly responsible to the injured party for the consequences of his furnishing such instruments. (Gases cited in Anderson v. Dickie, ubi supra.) The defendant Fowler did not originate the nuisance complained of, or buy any land upon which it existed, nor did he in. any way furnish other parties with the means of injury, by which the plaintiff was damaged. Nor can he be made responsible to the latter for the injury received by him, unless, the cause of it was an appurtenance of the demised premises. The opening in the highway, which was such cause, did not pass to the lessees by the lease to them, unless it was an appurtenance to the demised premises, as it was not specifically demised therein, and one piece of land can not be appurtenant to another, (a)
Notwithstanding land is used as a public highway, a private easement may exist in it, such as a right to a trench or ditch across it, covered by a bridge, either as a roadway or drain for adjoining lands, or to conduct a stream, and on navigable waters a temporary right of obstructing navigation by a bridge with a dam in it. Such private easement may be created by the same means, or in the same manner, in land used for a highway as in that not so used, and may be continued if it do not permanently obstruct such highway, or interfere with its safe use as such. It may be created, like every other easement, by grant from those entitled to make' it, which- may be evidenced presumptively by prescription, even as against the *150 public. In cases of easements of the kind already mentioned, the responsibility of the owners is limited to due care only, in providing that the road remain in a safe condition to be traveled over, or that the obstructions be only temporary, and they do not become absolute insurers against injury, as where the highway is intermeddled with by subterranean excavations without authority, (Congreve v. Morgan, 18 N. Y. Rep. 84,) and therefore to be treated as nuisances.
The change of land, through which a subterranean passage has been made, ending in an opening on the surface of it, (by which articles may be introduced, or persons admitted into a building upon an adjoining piece of land,) into a highway, where a grant has been made to the owner of such adjoining land, of the right of maintaining such opening and passage" for such purpose, having the former protected by a sufficient covering, allowing the passage of travelers over it. U or is there any thing in such easement to prevent its grant after the land has become a highway, if made by the proper representatives of the public. Uor is there any thing to prevent the application of the ordinary presumption of a grant from prescription, to su.ch easement. Because its use, like that of a bridge over a highway, or its obstruction thereof, like the position of a draw of a bridge over a navigable stream, or the stoppage of a vehicle on a highway, is only temporary. Although care must be taken, after its use, to restore such highways to their ordinary safe condition, and the removal of any obstruction caused by such use. Under such restrictions, there is no more difficulty in the land used for the highway being a servient tenement, and the adjoining land a dominant one, than in the case of easements in any piece of land being appurtenant to an adjoining piece of land. ' If, however, rendered so appurtenant by grant or prescription, but only in such case, the purchaser of the adjoining land is, probably, liable for any injury arising from the use of such easement without using due care or precaution against injury. (See cases before cited, and Davenport v. Ruckman, 10 Bosw. ’20.)
In this case, however, there is no evidence before us of any *151 grant or prescriptive use, time out of mind, of the opening in the street, which was the cause of the plaintiff’s injury, or of any thing else rendering its use an appurtenance of the adjoining buildings, and the supposed nuisance was not on the demised premises, as is alleged in the complaint. It only describes the street on which the premises were (Broadway) as being a highway, but alleges that there was an opening on the ■premises, by means of the insufficient covering of which the plaintiff was injured. This is not equivalent to an allegation of an opening in the highway, or its being appurtenant to the premises.
I am, therefore, satisfied that as to the defendant Fowler, the complaint should remain dismissed, and the judgment as to him remain affirmed.

 New York Central Railroad Co. v. The Buffalo and New York and Erie Railroad Co., (49 Hart. 602.)