By the Court, Robertson, Ch. J.
The principles, on which the learned justice before whom the issues of fact in this action were tried, held all the defendants to be liable, are best given in his own words, as used in his charge to the jury, which were as follows :
“ The court places the ground of the liability in this case upon the duty which devolves upon any one, who uses.or receives profits from a dangerous construction or excavation placed in a public highway, (over which every one has aright to travel,) to protect the public from accident; and it says, that if any one either constructs or uses, or receives profit from the use of, such an excavation or construction (which is called in law a nuisance) he must, at his peril, keep it in such a position as that the safety of the traveler shall not be impaired by the fact of its being there. The sidewalk must be just as safe as if the thing had not been there. It is at *488 their peril to keep it so, and it is upon that ground that this court has held these defendants are liable; the tenants as using it in putting in coal; the landlord, as having received rent for the use of it; and it is because the action is based and sustained on that ground, that all evidence of carelessness on the one side, or of good or bad construction, so far as the landlord is concerned, on the other, has been excluded, their liability resting on the above broad ground.”
I am as unable now, as I was when this case was formerly before this court, at general term* (4 Rob. 138,) to-perceive how the defendant Fowler could be charged with receiving rent for the use of the aperture in the street, which communicated with the building, of the lease of which he was assignee, when there was neither evidence to show that it was an appurtenance of such building, nor did such lease which was under seal, demise it as a separate easement or right. There was, it is true, an attempt on the part of the defendant Fowler to prove that it was such an appurtenance, by showing that it was constructed under a permit from the city corporation, but the evidence was excluded on the objection of the plaintiff. So that the evidence against both the landlord and tenant consisted simply of proof that the former received rent for the building, in front of which such aperture was situated, and that the tenants of such building could have-used it, without any proof they ever had used it. The defendant Fowler himself, never demised any thing to such tenants ; he acquired the relation of landlord solely by being the assignee of a longer term, from those under whom such tenants held. But such proof having been held sufficient to make the landlord (Fowler) as well as the tenants liable, when this case was formerly before the general term, I am bound by that decision to-hold the same proof sufficient on the present occasion.
Evidence sufficient to have established that such an aperture was an appurtenance to the adjoining land, and the use of the buildings on it, would have also established a legal 3’ight to the use of it. The legal right to the .occasional *489 and reasonable use of such an aperture on the highway is not a legal impossibility. The state or other owner of the soil of the highway could grant it, or it might have existed before the land was appropriated for a highway and have been reserved by such appropriation. It is not necessarily a nuisance because it exists in the soil over which the highway passes; otherwise excavations spanned by bridges, or the cavities of culverts or drains, would be equally nuisances. It becomes a technical nuisance only when it is so insufficiently covered and guarded, that a traveler in the exercise of the public easement of passing over the highway is injured by it by falling into it or otherwise. (Leigh v. Westervelt, 2 Duer, 618, 622. Bellinger v. N. Y. Central R. R. Co., 23 N. Y. Rep. 42. Selden v. Del. and Hudson, Canal Co., 29 id. 634, 642.) While it has a sufficient covering and protection over it to prevent such accidents, its creation and existence becomes and remains simply a trespass on the soil, over which the highway passes, for which its maker or sustainer is liable to the owner. There is therefore no restriction on the right of the state or those who represent it, or its grantee, to grant such an easement to be, enjoyed by a private individual, provided the enjoyment by the public of the use of the highway is also so reasonably protected as to take away the character of a nuisance from such easement. Being a subject of grant, it is entitled to the application of the ordinary rules of evidence to establish the fact of such grant. And uninterrupted enjoyment for twenty years is presumptive evidence of it. (2 Starkie on Ev. 911, 3d ed. Greenl. Ev. 20, art. 17. Best on Presump. Ev. 103-111, and eases cited.) The ownership of such an ' easement, would take away from the maker of such an aperture the character of a trespasser, rendering him liable absolutely for the safety of all travelers, and render him the proprietor of a right, which would merely impose upon him the duty of using due diligence to protect them. In this case, however, there was no evidence when or by whom such aperture ivas constructed, or by whom, in what manner or *490 how long it had leen used, before the year 1859. In other words, there was nothing to establish the duration of the grant, or its extent. If liable at all, therefore, the defendants were liable as insurers against injury, and not merely as. being bound to use ordinary care in the covering, construction and use of such aperture.
There was no proof of the existence of the grant of any permit by the city authorities. Proof of its loss was therefore inadmissible. All the exceptions to the exclusion of evidence, or refusals to charge, depended upon the same principle in regard to the defendants’ liability as absolute insurers, and were therefore, under the former decision of this court, properly excluded.
There could not be a severance of the defendants in regard to damages; they were sued and made liable as joint wrongdoers, and the amount of contribution to the injury, or malice by any one, was immaterial. (Sedgw. on Dam. 584, 3d rev. ed. p. 623.)
There being no error, the judgment should be affirmed, with- costs.