## GEORGE M. TROUTMAN v. THE STATE.

The agent of the owner renting a house, knowingly, for the purpose of a brothel may be indicted as the keeper of such house.

On error to the Monmouth Quarter Sessions.

Argued at June Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs in error, *George C. Beekman* and *Henry C. Clayton.*

For the state, *Charles Haight.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendant was indicted, in the usual form, as the keeper of a disorderly house. It appeared upon the trial that he was the agent of the landlord of the premises, and, as has been found by the jury, that " having the control and renting " of such premises, he had, at the time stated, rented the same with the knowledge that the house was to be kept as a house of prostitution, and that it was so kept by the tenant.

The first objection urged against the course of proceedings which resulted in a conviction was that a person who rents a house as the representative of the owner, does not become, in any sense, the keeper of such house, and cannot be indicted as such. But if this argument be tenable, neither is the landlord himself, who rents a house with the object to promote social disorder, indictable in that character. In one sense he is no more the keeper of the house so demised than the agent is who procured the tenant. But in the view of the criminal law, all persons who assist, aid or contribute to the erection of a public nuisance, are principals and may be prosecuted as such. It is obvious that the agent must stand on the same footing as the owner, for if he has knowledge of the unlawful use to be made of the property, and the owner is in ignorance, he, the agent, and the tenant would alone be breakers of the law. A case in point is that of *People* v. *Erwin*, 4 *Denio* 129, the indictment being against the landlord as the keeper of the house. The court said : " In this case the owner of the property, as well as the woman, has been directly charged with keeping the house. The indictment is right, and we think the instructions

given to the jury were substantially correct. The man who demises a house to be kept as a disorderly house, and which is kept with his knowledge, * * * may well be called the keeper of the house and be punished as such."

The rule of law thus stated was cited with approval in the case of *State* v. *Williams*, 1 *Vroom* 106, and in this latter case it is assumed that the owner may be charged as the keeper of the house. The principle underlying these decisions is that the owner contributes by his act to the production of the nuisance, and, as there are no accessories in misdemeanors, he thereby becomes a principal, and may be indicted in that character. It is plain the agent of the owner stands within the scope of the principle. The charge of the judge upon this matter was therefore unobjectionable.

The next objection to the conduct of the cause was that the state was permitted to prove that the house in question had been kept, during two years previous to the renting in question, by the tenant to whom the defendant made the demise, as a house of prostitution, and that the defendant, on sundry occasions, had been there during such prior years. This evidence was admitted in order to prove the defendant's *scienter*, and it was proper for that purpose. If the defendant was aware that the person to whom he, as agent, let the premises had, for the two antecedent years, acted the part of a prostitute and converted the house into a brothel, there could be no doubt, with respect to his knowledge, that by continuing such tenancy he was aiding in the perpetuation of a nuisance. The state of the defendant's mind when he made the demise in question, could hardly be proved except by showing that he was conversant with the antecedents of the tenant as connected with the premises. The evidence followed the usual line and was altogether legal. The judgment should be affirmed.