## BERNING V. STATE.

1. LIQUORS: *Aiding and abetting sale of: Burden of proof.*

On the trial of an indictment for the unlawful sale of intoxicating liquors, where the prosecuting attorney, to sustain the charge, relies on evidence that the defendant aided and abetted another person to make the sale, the burden is on the State to prove that it was made by such person without a license.

2. SAME: *Same: Evidence.*

On a trial for selling liquors without a license, the evidence showed that the defendant kept cigars and tobacco for sale in the front room of a house, in the back room of which R. sold intoxicating liquors—each renting his room from the same landlord; that R.'s customers had to and did pass through the defendant's room; that the defendant had purchased liquors of R., and had twice advanced money for the latter when it was demanded of him by the police for the privilege of selling whisky. *Held:* That this was not sufficient to warrant the defendant's conviction, as it showed nothing beyond the mere acquiescence of the defendant in the sales made by R., and failed to show that the latter had no license.

APPEAL from *Saline* Circuit Court.

J. B. WOOD, Judge.

*G. W. Murphy*, for appellant.

There was no evidence that Rexhouse had or had not paid his license tax, nor as to whether appellant had any notice or knowledge as to this. The State should have been required to prove that Rexhouse had no license, in order to make out a case. 1 Gr. Ev., secs. 79, 80.

*John McLure*, for appellant, argued the case orally.

*W. E. Atkinson*, Attorney General, for appellee, argued orally, and contends that the instructions are sustained by the authorities. 25 Oh. St., 381; 83 Ill., 431; 38 Ark., 518.

HUGHES, J.

The appellant was convicted and fined fourteen hundred dollars for engaging in the business of selling liquors with-

Berning v. State.

out first having paid the State and county taxes. He moved for a new trial, which was denied, and he excepted and appealed. The evidence shows that appellant kept cigars and tobacco for sale in the front room of a house, in the back room of which Geo. Rexhouse carried on the business of selling liquors; that the appellant and Rexhouse rented their rooms from the same landlord; that the customers of Rexhouse had to and did pass through the room of appellant to reach the room where Rexhouse sold liquors; that liquors were purchased in the said back room by putting money on a wheel and calling for what was wanted; that appellant had purchased it in said room, in this way; that appellant had twice advanced twenty-five dollars for said Rexhouse, to the sergeant of police of the city of Hot Springs, said sergeant having been directed by the chief of police of said city to collect that sum monthly, as he understood, for the privilege of selling whiskey in said city, from several persons whose names were furnished said sergeant by said chief of police.

This evidence was not sufficient to warrant the conviction of the appellant, because it shows nothing more than mere acquiescence of appellant in the action of Rexhouse, or mere failure of appellant to object to persons passing through his room to buy liquors from Rexhouse; and because there was no proof that Rexhouse had no license. It is a general rule that every allegation, affirmative or negative, necessary to constitute the offence charged, must be established by the prosecutor. This general rule is sometimes departed from by the courts, but only in cases where the negative averments in indictments have reference to some personal qualification peculiar to the defendants, or where the proof thereof depends upon some written document committed to the sole custody of the person accused, or where the negative

1. SALE OF LIQUORS: Aiding and abetting: Burden of proof.

averment is particularly within the knowledge of the other party, when, if not disproved by that party, it is taken as true. *Wellbourne v. State*, 87 N. C., 532; *Hopper v. State*, 19 Ark., 146; *Williams v. State*, 35 Ark., 430; *Flowers v. State*, 39 Ark., 210; 2 Jones, (N. C.) 276.

In *Hopper v. State, supra*, the court said: "This solitary exception is confined to indictments for selling liquors, exercising a trade or profession and the like, without license, and these cases are put upon the ground of comparative inconvenience to the one party, without the least convenience to the other."

If one indicted for selling whiskey undertake to justify on the ground that the liquor belonged to another, and that he sold merely as an agent, the burden is on him to make out his defence whatever it may be. He becomes the actor, and the duty is on him to make good by proof the points he asserts. If the person for whom he sells has a license, that is matter of defence upon the trial. Sec. 331, Whar. Cr. Law, (8 ed.); *State v. Devers*, 38 Ark., 518.

"All who procure, participate in or consent to the commission of a misdemeanor are punishable as principals." 4 Denio, 129; *Foster v. State*, 45 Ark., 361; *Fortenbury v. State*, 47 Ark., 188.

2. SAME. But where one is charged with aiding in an offence committed by another, the State must show that the act done was criminal and that he aided, abetted, or assisted in the commission of it.

The defendant in the case at bar did not come within the exception to the general rule above discussed, and it devolved on the State to prove that Geo. Rexhouse, whom he is charged to have aided and abetted in the unlawful sale of whiskey, did sell without license.

Reversed and remanded.