[No. 5793.]

## GRIFFIN v. THE PEOPLE.

**Criminal Law—Aider and Abettor**—The statute providing that one who aids and abets or assists in, the perpetration of a crime, be deemed a principal (Mills' Stats., § 1168, Rev. Stats., § 1620), and other statutes impose penalties upon one who shall "maintain or keep a lewd house," held that one who lets premises for the purpose of being occupied as a brothel, may be convicted as a keeper of the house.

*Error to the Lake District Court.*
*Hon. Frank W. Owers, Judge.*

Mr. JAMES G. GLYNN, for plaintiff in error.

Hon. W. H. DICKSON, attorney general, Mr. S. H. THOMPSON, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error, defendant below, was convicted of keeping a lewd house, or place for the practice of fornication and sentenced accordingly. The statute under which he was proceeded against is as follows:

"If any person * * * shall maintain or keep a lewd house or place for the practice of fornication . * * * every such person shall on conviction be fined not exceeding one hundred dollars or imprisoned in the county jail not exceeding six months."—§ 1323, 1 Mills' Stats.; § 1776, Rev. Stats.

According to the undisputed evidence the place which defendant was charged with keeping and maintaining was a house of ill-fame, but his counsel contend that it appears from the testimony that he did not keep or maintain it. There is testimony to the effect that the premises in question were under the control of defendant, and with his knowledge and consent they were rented to lewd women, by a woman

who was charged jointly with him with having violated the foregoing statute. There is also testimony to the effect that he wanted the premises occupied for immoral purposes, because such occupation would enable him to rent a building belonging to him in the near vicinity to a better advantage, in which to conduct a saloon. It unquestionably appears he knew the character of the inmates, and that men and women resorted to the premises for lewd purposes.

The court instructed the jury to the effect that a person who rents premises to be occupied for the purposes of prostitution, and which are so occupied with his knowledge, is a keeper of a common bawdy house, and may be indicted and punished as such. This instruction, it is asserted, is erroneous, because the renting of premises for lewd purposes is not an offense under the statute, but it must appear that the accused actually kept and controlled the premises charged as being a bawdy house or participated in its management or had an interest in it as such. It is perhaps true that a keeper of a bawdy house in the ordinary meaning of the word "keeper" is one exercising control and direction over it; but the exact question presented for determination is whether or not a person who rents premises for the express purpose of having them occupied and conducted as a place of prostitution, and which, with his knowledge, are conducted as such, violates the statute in question. A statute of this state provides that whoever aids, abets or assists in the perpetration of a crime, shall be deemed and considered as a principal and punished accordingly.—§ 1168, 1 Mills' Stats; § 1620, Rev. Stats.

Clearly, one who knowingly rents premises to be occupied for the purpose of prostitution, and which with his knowledge are conducted as a bawdy house, aids, abets and assists in keeping and maintaining

a house of ill-fame, for the obvious reason that by his affirmative act he knowingly aids another to commit that offense; and as our statute in such circumstances makes him a principal, he may be proceeded against and punished accordingly.—*Stratton v. State,* 44 S. W. (Tex.) 506; *State v. Williams,* 30 N. J. Law 102; *Troutman v. State,* 49 N. J. Law 33; *People v. Erwin,* 4 Denio 129; *Lowenstein v. People,* 54 Barb. 299.

Other errors on the part of counsel for defendant are assigned which, however, we do not think it necessary to notice in detail. The questions thereby presented have either been decided by this court adversely to the contention of defendant, or they relate to matters which did not prejudice the substantial rights of the defendant, because of the conclusive nature of the testimony that he was guilty as charged.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.