. CONGREVE *v.* SMITH and another.

A person who, without special authority, makes or continues a covered excavation in a public street or highway, for a private purpose, is, in the absence of negligence in the party injured, responsible for all injuries resulting from the way being thereby rendered less safe, irrespective of any degree of care and skill in the party who makes or continues the excavation.

APPEAL from the Superior Court of New York city. The action was brought to recover damages for a personal injury, sustained by the breaking of a flagstone forming part of the side-walk adjoining a building and lot of the defendants, in the city of New York, and the plaintiff, who was a young child, being thereby precipitated into the area beneath. On the trial before the late Chief Justice OAKLEY the following facts appeared: The building extended to the line of the lot on Thirty-first-street, and the flagstone and area were within the limits of the street. It appeared that one Houghey furnished and set the stone, under an employment by B. & R. Barton, who had contracted with the defendants, when the building was in an unfinished state, to finish the building. The contract with the Bartons provided that the materials, which were to be provided by the latter, should be good, proper and sufficient, and that the work should be done in a good, workmanlike and substantial manner. The building, at the time of the injury, was occupied by several families, and the father of the plaintiff, with whom the plain-

tiff lived, occupied the second and third floors above the store, and, by permission, had placed some articles in the area, but used it only temporarily. No part of the building was occupied by the defendants. Evidence was given on both sides upon the question whether the flag-stone over the area was suitable when placed there, and different views on that subject were expressed by witnesses. Some evidence was given tending to show that the stone had been injured by violence after it was put down and shortly before the accident.

At the close of the plaintiff's proofs the defendants moved for a nonsuit, on the grounds "that the defendants were not bound so to cover the area that in no event injury therefrom could result; that there was no proof that the defendants had made a negligent or improper contract, or had been guilty of any negligence by which the plaintiff had sustained injury; and that it did not appear the breaking of the stone arose from its being insufficient or imperfectly set." The motion was denied and the defendants excepted.

When the evidence on both sides was closed, the defendants renewed their motion for a nonsuit, and specified, as further grounds, "that it was proved the contract with the Bartons was a proper contract, calling for the best materials, to be applied in a good and workmanlike manner, and made by the defendants with competent and skillful architects and mechanics. No privity between the defendants and Houghey is averred or proven. If there is any liability in the matter of this accident, by reason of the manner of the construction, it rests with the builders, and not upon the owners, upon the doctrine of *Blake* v. *Ferris* (1 *Seld.*, 48) and *Peck* v. *The Mayor* (4 *Seld.*, 222). That as to the sufficiency of the stone and the mode of setting it there was a difference of opinion among the expert witnesses, showing that the Bartons or Houghey, at the most, committed an error of judgment, such as would not make them or the defendants liable in this action; that it now affirmatively appeared

the defendants had not been guilty of any negligence." The motion was overruled, the judge stating he should hold that if the builders had been guilty of negligence the defendants were liable. An exception was taken by the defendants.

The judge charged the jury that the defendants were responsible for the Bartons, or any one employed by them; and that "the suit stands against the defendants the same as if it were brought against the Bartons or Houghey;" and further, "that the question seemed to be narrowed down to this, whether the stone was such as a prudent and discreet mechanic would have used." To the instruction that the defendants were liable in the same manner as the Bartons would be, if they were defendants in this action, the defendants excepted.

A verdict was rendered for the plaintiff for $650. Judgment having been entered, an appeal was taken, the judgment affirmed at general term, and the defendants appealed to this court. The case was submitted on printed arguments.

*Dusenbury & Van Wagoner*, for the appellants.

*Morrison & Browne*, for the respondent.

STRONG, J. The verdict of the jury, under the instructions given them by the court, involves the finding that the stone covering the area was unsuitable and unsafe for that purpose, wherefore it broke, and the plaintiff received the injury in question.

The area was under the surface of the public street, and was maintained for the benefit of the property of the defendants, and the stone was placed over it under contractors with the defendants for the completion of the defendants' building, in pursuance of the contract. No license from the city for the area was proved.

It certainly is just that persons who, without special authority, make or continue a covered excavation in a

public street or highway, for a private purpose, should be responsible for all injuries to individuals resulting from the street or highway being thereby less safe for its appropriate use, there being no negligence by the parties injured; and I entertain no doubt that a liability to that extent is imposed on them by law. Such is clearly the legal responsibility for placing objects upon the surface of the ground, obstructing the full and free enjoyment of the easement, and there does not appear to be any distinction in principle as to the liability of a party for an act making the use of the easement dangerous, arising from the mode in which it is done, whether by objects upon or over the surface, which may be run upon or against, or by holes in the earth into which persons may fall. The general doctrine is, that the public are entitled to the street or highway in the condition in which they placed it; and whoever, without special authority, materially obstructs it, or renders its use hazardous, by doing anything upon, above or below the surface, is guilty of a nuisance; and, as in all other cases of public nuisance, individuals sustaining special damage from it, without any want of due care to avoid injury, have a remedy by action against the author or person continuing the nuisance. No question of negligence can arise, the act being wrongful. It is as much a wrong to impair the safety of a street by undermining it as by placing objects upon it. There can be no difference in regard to the nature of the act or the rule of liability, whether the fee of the land within the limits of the easement is in a municipal corporation or in him by whom the act complained of was done; in either case, the act of injuring the easement is illegal.

The case of *Dygert* v. *Schenck* (23 *Wend.*, 446) appears to be directly in point. In that case, it was held that the defendant, who had dug a race-way across a public road, over his own land, to conduct water to his mill, and built a bridge across it, was liable for an injury sustained in consequence of the bridge being out of repair. The court, by

Congreve *v.* Smith.

COWEN, J., said that, in suffering the bridge to become un-safe, "the defendant came short of his obligation to the public. Any act of an individual done to the highway, if it detract from the safety of travelers, is a nuisance." And again: "Special damage arising from it, therefore, furnishes ground for private action, without regard to the question of negligence in him who digs it. The utmost care to pre-vent mischief will not protect him, if the injury happen without gross carelessness on the part of the sufferer."

It is no answer to the present action that the covering of the area was done under the contractors, who had contracted to do the work properly, and that the defendants are not responsible for the negligence of the contractors' servants. The act was that of the defendants; they procured it to be done, and do not appear to have objected to it. Besides, the action may well stand on the basis of continuing the area and the stone covering it, they making the easement unsafe, compared with what it otherwise would have been. That is a sufficient ground of liability. The defendants were bound, at their peril, to make and at all times keep the street as safe as it would have been if the area had not been constructed.

The defendants, therefore, have no ground for complaint with any of the rulings at the trial, or of the charge to the jury, and the judgment should be affirmed.

SELDEN, J., was absent; all the other judges concurring,

Judgment affirmed.