Ashburn, J.
The principal questions presented by the-record and discussed by counsel are :
I. The jurisdiction of the justice of the peace.
II. Whether the facts set forth in the petition and admitted by the demurrer constitute a cause of action. -
A proper solution of these questions depends mainly upon, a construction and application of section 32 of the act of March 1, 1868 (S. & S. 669), relating to roads and highways.
The section is as follows :
“ That if any person or persons, corporations, or any conductor of any train of railroad cars, or any other agent or servant of any railroad company, shall obstruct, unnecessarily, any public road or highway authorized by any law of this state, by 'permitting any railroad-car or cars, or locomotive, to remain upon or across any public road or highway, for a longer period than five minutes, or shall-permit auy timber, lumber, wood, or other obstruction to remain upon, or across, any such road or highway, to the public hinderance or inconvenience of travelers, or any person or persons passing along or upon such road or highway, every such person or corporation so- offending shall forfeit and pay for every such offense any sum not exceeding twenty nor less than two dollars, and shall be liable for all dam *65 ages arising to any person from such, obstruction, or injury to such road or highway, to be recovered by an action at the suit of the trustees of the township in which the offense shall have been committed, or any person suing-for the same, before any justice of the peace within the-county where such offense shall have been committed, or by indictment in the court of common pleas in the proper-county; and all fines accruing under the provisions of this-section, when collected, shall be paid over to the treasurer of the township in which such offense was committed, and. by the trustees applied to the improvement of roads and highways therein ; and every twenty-four hours such corporation, person, or persons as aforesaid, after being notified, shall suffer such obstruction, to the hinderance or inconvenience of travelers, or any person or persons going' along or upon such road or highway, shall be deemed an additional offense against the provisions of this act.”
Section 9 of article 4 of the constitution provides for the-election of justices of the peace, and that “ their powers and duties shall be regulated by.law.” Under this provision the general assembly may confer upon justices of the-peace such general and special jurisdiction, not in conflict, with the exclusive original jurisdiction vested by the constitution and laws in other courts, as it shall think proper and deem wise.
It is claimed in argument by counsel that the justice of the peace had no jurisdiction of this case, and by reason of his having no jurisdiction none was conferred upon the court of common pleas by appeal. Subdivision 6 of section 10 of the justices’ act, passed in 1853 (S. & C. 772), defining the jurisdiction of justices of the peace, denies them jurisdiction in actions in which the title to real estate may be drawn in question, except in actions of trespass on real estate. This limitation upon their jurisdiction may be removed by the same authority that created it, which, we think, has been done in this ease.
Section 32 of the road law, before recited, was passed in. *66 1868, and in express terms confers jurisdiction, in this class •of cases, upon justices of the peace, and authorizes them to hear and determine the rights of the parties, and render judgment. The express power to take jurisdiction of a ■cause of action, and render a judgment therein, implies that the court upon which the jurisdiction is conferred may hear and determine all questions that properly or necessarily arise upon the trial, reflecting upon the rights ■of the parties involved in the action. The right of the public to use the road or highway; the liability of the party charged with its obstruction may be shown; and to the extent a just determination of the questions arising in the action, on the trial, involve the title to the land over which the road or highway passes, to that extent the title to the land may be investigated on the trial. This principle is substantially settled in Brown, Guardian, v. Burdick, 25 Ohio St. 269.
It is claimed by defendants that the petition is bad on demurrer, because it does not contain the averment that the alleged obstruction w%s unnecessarily permitted to remain, etc. We do not think the petition in this case is defective by reason of this omission.
The statute provides against two classes of obstruction. Tu the first class, all the agencies of obstruction are named, and known to be active and dangerous obstructions to ordinary modes of travel. This class includes railroad cars and locomotives, and no other objects. The second class is general, comprehending all the objects or agencies by which roads may be obstructed and travel impeded. They are, in comparison with the first class, passive and more harmless obstructions. When a person or corporation obstructs, unnecessarily, a public road, by permitting a car or locomotive to remain upon or across it, to the hinderance, etc., for a longer period than jive minutes, the offense is complete. The statute is violated, not simply by permitting the obstruction to remain upon and across the road, but by the concurrence of two things — 1. In obstructing a public road with one of the named objects, un *67 necessarily, and, 2. In permitting that particular obstruction to remain such for a period longer than five minutes, unnecessarily.
When a road is obstructed by means of any of the objects of the second class, which includes all obstructive permissive agencies not named in the first class, the offense is complete, when the road is obstructed, and the obstruction permitted to remain such, by the person or company whose duty it is to remove it, to hinderance, etc., after twenty-four hours’ notice to remove the obstruction.
Considering, then, the objects named and contemplated as obstructions, the nature and character of the obstructions named and contemplated, as well as the sense and connection in which the word unnecessarily is used, its absence from the petition is not fatal. The word qualifies the obstructions named in the first class alone ; is used to qualify the obstruction in a particular sense, and not in a general manner.
Upon the facts admitted in the petition, by the general demurrer, defendants claim the statutory penalty does not attach to them in this action, because, 1. The trustees of the township are not authorized to sue for the penalty, and, 2. That, in no event, are they required to keep the bridge in repair, or build a new one.
As to the first, the statute provides that every person or corporation so offending shall forfeit and pay for every such offense any sum not exceeding twenty nor less than two dollars, and be liable for all damages arising to any person from such obstruction or injury to such road or highway, to be recovered by an action at the suit of the trustees of the township in which such offense shall have been committed. Eines and penalties, when collected, are to be applied to the improvement of the roads in the township. The sense of this statute, as to the power of the trustees of the township to maintain an action for the penalty, is manifest. Of this, there is not room for doubt. Their right to bring and maintain suit is clear.
As to the second, the statute under discussion declares *68 the offender to he liable to both a civil and a criminal action. Section 2 of the nuisance act (S. & O. 880) provides-that “ the obstructing or incumbering, by fences, buildings,, structures, or otherwise, any of the public highways, . . shall be deemed a nuisance/’ and is an indictable offense. These statutes indicate what zealous care the general assembly of Ohio has used to secure safety and freedom to the traveler on our common public highways. And yet these statutes but embody the principles of the common law, and undertake to enforce obedience by defined modes.
It is the duty of the land-owner constructing a mill-race, or maintaining a private watercourse, cutting across a public road or highway, to bzidge such artificial watercourse at the point where it cuts the highway, and to keep such bridge in good repair, so as not to hinder or inconvenience public travel. The owner of the millrace, using it for private emolument, is bound to make- and keep the road at the crossing in as safe a condition as it would have been if the race had not been constructed. Thompson on Highways, 24; Congreve v. Smith,. 18 N. Y. 79.
The public have, at common law and by statute, a right to an uninterrupted passage along a highway, for them-’ selves and their vehicles, without hindez’ance or inconvenience, subject, however, to such temporary obstructions as all public highways must' suffer in cases of evident necessity. A temporary occupation of a part of a highway, by a person engaged in building, or receiving or discharging goods from stores and warehouses, or the like, are permissible from necessity. Unavoidable obstructions, from, necessity, for a reasonable time, to allow removal, are permissible.
A man commits no trespass in digging a ditch or mill-raco on his own soil. The only right adverse to his, is to have a common public highway for the purposes of public travel.. What the public can require is, that when he cuts and crosses the public highway with his race, he should make and. keep the road as good and safe for the public as it was be *69 fore lie dug the race. This can be accomplished by building and keeping a substantial bridge over the race at the road crossing. If the one who originally dug and constructed the race, or those who subsequently hold under him and maintain the race for private use, suffer the bridge to become unsafe or removed, so that, in either case, the race becomes an obstruction to public travel, the one so negligent fails in his duty to the public, and the person or -corporation so negligent is amenable to the penalties of the .statute, both civilly and criminally.
A majority of the court think the facts set out in the petition are sufficient to constitute a cause of action, and that the common pleas court erred in sustaining the demurrer, and the district court erred in affirming the judgment of the common pleas.

Judgment reversed and cause remanded.

Johnson, J., dissented from the third and fourth propositions in the syllabus.