By the Court.—Curtis, Ch. J.
The defendants at the trial offered to prove, that "at the time of the construction of the building occupied by them, the usual permit in writing was obtained from the proper authorities in the City of New York and paid for, and that under such permit the coal-hole in question was made. This license was not pleaded in the answer, and *392 the proposed evidence was for that reason excluded by the court under the defendant’s exception. If the defendants had a license from the proper authorities to maintain this coal-hole, they should have pleaded such license in their answer, and the plaintiff would have been notified of the defense upon which the defendants relied, and would have had an opportunity of preparing to meet it at the trial.
This was required "under the former system of' pleading, and greater reason exists for its continuance under the present system. The defendants were not in a position at the trial to claim that the coal-hole was ¡authorized by competent authority (Selden v. Delaware & H. Canal Co., 29 N. Y., 639 ; Beatty v. Swarthout, 32 Barb. 293; Irvine v. Wood, 51 N. Y. 228).
If this hole was unauthorized, it may be regarded and treated as a nuisance, and the defendants by continuing it on their premises, became responsible to any person passing upon the sidewalk, who might be injured by it, irrespective of any question of negligence on their part (Congreve v. Smith, 18 N. Y. 82; Congreve v. Morgan, 18 Id. 85; Creed v. Hartman, 29 Id. 597; Irvine v. Wood, 51 Id. 228).
The court excluded testimony offered by the plaintiff at the trial, as to the amount of plaintiff’s income from his professional business during 1875 and 1876, but in the latter part of the charge, the jury were instructed as follows:
“How, to arrive at the amount of damages, if any, he sustained by inability to attend to business, you have a right to consider the nature of plaintiff’s business, its extent, and the time during which plaintiff was prevented, wholly or partially, from attending to his business.”
To this the defendant excepted.
This portion of the charge is sustained by the views expressed in Masterton v. Village of Mount Vernon *393 (58 N. Y. 391), and in Walker v. Erie R. R. Co. (63 Barb. 260), and affords a just and reasonable basis for the jury to arrive at the amount of damages sustained by the plaintiff from inability to attend to his business in consequence of the injury.
The amount of the damages found by the jury, when the injury and loss shown to have been sustained by the plaintiff are considered, appears to have been very reasonable.
The exceptions presented in the case fail to furnish sufficient ground for granting a new trial, and the judgment appealed from should be affirmed with costs.
Sedgwick, J., concurred.