By the Court.—Freedman, J.
The plaintiff was bound to establish that the injury sustained was caused by the negligence of the defendant as a contractor, or of his servants, in taking down the building in question, exclusive of any other primary cause. The proof, showing the manner in which, and the circumstances under which, the plaintiff was struck by a piece of brick in front of the building, and that defendant’s servants were at the timé at work in some parts of the building, was sufficient to carry the case to the jury. But it also appeared that at the same time two other individuals were at work as sub-contractors, one in taking down the -brown stone of the front wall, and the other the woodwork of the building ; and there was-evidence upon which the jury might have found that at that particular time defendant’s men were not employed on the front, but were at work on the side and the rear of the building. Under these circumstances, and having pleaded and insisted throughout upon an absence of control over the sub-contractors, the defendant had a right to have the jury instructed, as he requested, that if the men who caused the accident were not the servants of the defendant, but were exercising an independent employment, and the defendant did not interfere with their work, he was not liable. The court refused so to charge, which was error, and as the defect was not cured by the charge as delivered, defendant’ s exception to such refusal must be sustained, provided, notwithstanding the existence of the subcontracts, the defendant did not incur an absolute liability as principal contractor for a failure to erect proper guards or barricades across the sidewalk. The plaintiff contends for such absolute liability, though the jury were instructed otherwise, and cites Creed v. Hartman (8 Bom. 128). In that case the defendant-, who had contracted with the owner of lots, to build a block of houses thereon, and who had made a sub *188 contract with another to make the necessary excavations, was held liable for an injury sustained by the plaintiff, who had fallen into an excavation in the sidewalk in consequence of the negligence of the sub-contractor, or his servants, in not having the same property protected. The decision of that case was sustained, by the court of appeals (29 N. Y. 591), under the rule-laid down in Congreve v. Smith (18 N. Y. 79); that, “ persons who, without special authority, make or continue a covered excavation in a public street or highway, for a private purpose, should be responsible for all injuries to individuals resulting from the street or highway being thereby less safe fos its appropriate use, there being no negligence by the parties injured.” This principle, which makes a person interfering with the safety of the public highway, as such, and for private ends, an insurer of the safety of all persons traveling over the same, who may be injured in consequence-thereof without fault on their part, cannot be,extended to cover the case at bar. .
The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the; event.
Sedg-wick, J., concurred.