ELIZA WENZLER, Respondent, v. SAMUEL G. McCOTTER, Appellant.

*Nuisance—ice on sidewalk—lessor liable for the damages occasioned by its existence during the time of the demise.*

The defendant was the owner of a house in the city of Brooklyn; between it and the adjoining house was a leader, which ran through the defendant's stoop and emptied upon the sidewalk in front of his house. This leader had originally been used to carry off the water from both houses, but at the time of the accident only the water from the adjoining premises passed through it. On December 27, 1876, water had run through the leader out upon the sidewalk, and there formed a mound of ice, upon which the plaintiff, while passing along the sidewalk at between nine and ten o'clock in the evening, slipped and fell.

In an action by her to recover damages for the injuries thus sustained,

*Held,* that the leader running from the defendant's house and discharging the water upon the sidewalk, under such circumstances, was a nuisance for which the owner of the house was liable, even though such house was, at the time of the accident, rented and in the possession of a tenant whose duty it was to remove the ice from the street.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The appellant is the owner of a house and premises, known as No. 18 Fourth street, in the City of Brooklyn. It was built in connection with house No. 20, and had a leader connected with the roof of both houses at the top, running down through the center of a column, between and partly upon each house, until it reached the stoop, it then turned entirely on to the defendant's premises and came through a hole in the baseboard of his stoop, and extended out on to the sidewalk in front of his house. This leader had been there for twenty years, and had originally been used to carry off the

water from both houses, but at the time of the accident hereinafter mentioned only the water from No. 20 passed through it. The defendant, at the time of the accident, was not in possession of the premises, having leased them to a tenant. On the 27th day of December, 1876, at between 9 and 10 o'clock in the evening, the plaintiff, while passing along Fourth street, and when in front of No. 18, stepped on a mound of ice, formed from water discharged from the mouth of this pipe on to the sidewalk, and slipping, fell and broke her ankle, and for the injury thus occasioned this action was brought. The case was tried in the Kings County Circuit, and resulted in a verdict for the plaintiff for $2,000.

*John A. Taylor*, for the appellant.

*A. H. Dailey*, for the respondent.

GILBERT, J.:

An owner of real property is liable for an injury caused by a nuisance thereon, although the premises were in the possession of an occupying tenant when the injury happened, if the nuisance existed at the time of the demise. That principle is well settled. The question then is, was the leader running from the defendant's house a nuisance? It was constructed for the purpose of discharging water upon a sidewalk in Fourth street, in the city of Brooklyn, which originally flowed into it from the defendant's and the adjoining premises, but which afterwards received only the flow from the latter. In December, 1876, a quantity of water so discharged congealed into a mound of ice upon the sidewalk, and so rendered it unsafe. The plaintiff, while passing along the sidewalk, suddenly and without fault on her part, slipped upon that mound of ice and fell backward, breaking her leg by the fall. It is also a familiar rule that any act or thing which detracts from the safety of travelers upon a highway or street is a nuisance. It may continue for a long period without causing any injury. Nevertheless it is a nuisance on account of its capability to cause an injury. The accumulation of water in reservoirs—the storage of explosive substances—the keeping of savage or vicious animals upon one's premises, are examples of such nuisances. Those who create or

maintain them, may be liable to indictment therefor, before any actual damage ensues, but an action lies only for a private injury occasioned thereby. Nor will the utmost care to prevent injury protect the author of a nuisance against such liability. Indeed, no question of negligence is involved in such a case. One who has been injured by the wrongful act of another, is entitled to compensation for such injury, although the wrong-doer did not intend to do an injurious act, and was careful to avoid doing one. (*Congreve* v. *Smith*, 18 N. Y., 82; *Swords* v. *Edgar*, 59 Id., 34; *Roswell* v. *Prior*, 12 Mod., 639; *Thompson* v. *Gibson*, 7 M. & W., 458.)

It is urged that the proximate cause of the accident to the plaintiff was the omission of the tenant to perform his duty of removing the ice from the sidewalk. The answer is that the ice was the immediate cause of the injury, and that the ice was upon the sidewalk, in consequence of the wrongful act of the defendant. The negligence of the tenant in not destroying the consequences of the nuisance, cannot excuse the wrongful act of the defendant in creating it. Both may justly be held liable. The fact that the water flowed from the roof of the adjoining premises, cannot relieve the defendant from liability. His liability springs from his wrongful interference with the sidewalk, by constructing or maintaining a pipe which discharged water thereon when the weather was cold enough to freeze it. It can make no difference to the person injured, whether the water discharged flowed from the defendant's roof or that of his neighbor. The mischief was produced by the discharge from, not the flow into, the pipe.

If the foregoing views are correct, the cause was properly disposed of at the Circuit, and the judgment and order denying a new trial should be affirmed, with costs.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.