WILLIAM MARTIN, RESPONDENT, v. THE TRIBUNE ASSOCIATION, APPELLANT.

*Negligence — an employer is not liable for the negligence of his contractor — a vault constructed in the street, with the permission of the city authorities, is not a nuisance.*

The defendant entered into contracts for the erection of a building upon a lot owned by it in Nassau street, in the city of New York, one with one O'Brien, by which he was to take down the old building and do the excavating for the cellar and a vault in the street and build the walls to the level of the curb, and the other with one Batterson, by which he was to furnish all the granite work.

In pursuance of permits procured from the proper city authorities by the defendant, O'Brien had excavated and was constructing a vault extending twelve feet beyond the curb line in the street, and while engaged in so doing he had built a fence in the street to inclose the same. This fence was blown against the plaintiff, who was passing, and threw him down, striking his head against some blocks of granite left in the street by Batterson.

In an action to recover damages for the injuries so occasioned:

*Held*, that the defendant was not liable for the negligence of its contractors.

That the construction of the vault in the street under the permit from the city was not a trespass or a nuisance.

That the defendant was not liable for the injuries sustained by the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

On December 14, 1874, the plaintiff while passing along Nassau street, in the city of New York, over the sidewalk which the defendant had excavated, and where it was constructing the vaults of a new building, was struck on the head by a falling fence and precipitated against a large block of granite lying in the pathway and was severely injured. The fence was blown over by the wind, and the plaintiff claimed that it was at the time in a rickety condition.

Permission to construct the vaults had been obtained by the defendant from the proper city authorities upon the payment of some $987. The work was done and the materials were furnished by two contractors, Peter T. O'Brien and James G. Batterson. Peter T. O'Brien in his contract undertook and agreed to make all the necessary excavation, and furnish and provide all work and materials that might

be required for the building of the vault walls up to the level of the curb. The vault was then being extended under this contract twelve feet beyond the curb line on Nassau street, and in order to prevent persons from passing over the sidewalk and excavation while such vault was in the course of construction the fence was erected. James G. Batterson in his contract agreed to furnish and provide all the granite work according to the specifications which formed a part of the contract. The specifications provided that he should be responsible for any accidents which might happen on the streets or sidewalks by cause of accumulation of material furnished under the contract.

*Cornelius A. Runkle*, for the appellant.

*Franklin Bartlett* and *Clifford A. H. Bartlett*, for the respondent.

BARNARD, P. J. :

The general rule is that he who does the injury must respond. The exception to it is that the master shall be held for the damages of a servant whom he selects. The master acts by the servant. The sole question in this case is whether the employment of the contractor is an independent one. If it was, then the relation of master and servant does not exist, and there is no liability upon the defendant's part for the negligent acts of the contractors or their employes. There can be no question but that the employment was independent. The defendant agreed with Batterson for the entire granite material needed, and with O'Brien for other material and for work necessary to complete the building and structures required. The defendant had nothing to do in respect to the work, except to see that it was done according to the terms of the contract. The case is covered by the case of *McCafferty* v. *The Spuyten Duyvel, etc., Railroad* (61 N. Y., 178). The defendant did not employ the workmen and had no power to discharge them, " hence the rule of *respondeat superior* applies, and the principal for whom the men were working, and by whom they were employed, and not the defendant, is liable for the damage done to the plaintiff."

The principle was again upheld in *King* v. *New York Central and Hudson River Railroad Company* (66 N. Y., 181). The case is not one where the defendant is rendered liable because the work

contracted for was a trespass or was a nuisance, or was performed according to contract, and the result occasioned the injury. No complaint is made against the completed structure. The contract was neither for a trespass or nuisance. The power to permit the defendants to remove the sidewalk and erect under it a vault was given by the legislature to the city authorities. The defendant obtained permission to build this vault, and neither trespass or nuisance can be alleged against an act which is permitted in the streets of the city of New York by legislative and municipal authority. (*Congreve* v. *Smith*, 18 N. Y., 79; *People ex rel. Murphy* v. *Kelly*, 76 id., 475; *Irvine* v. *Wood*, 51 id., 224; *Creed* v. *Hartmann*, 29 id., 591.)

The principle of those cases is not questioned in *Mairs* v. *Manhattan Real Estate Association* (89 N. Y., 498). It was held in that case that permission to build a vault under the sidewalk gave no right to collect the water from the street and throw it in the excavation and so upon a private owner adjacent. As to passengers upon the street the act done was lawful. The structure being lawful all the acts necessary to be done in completing it were collateral to the undertaking. If the fence was insufficient, or if the contractor went beyond the permit in obstructing the street, these acts are to be chargeable to the persons who did them. The plaintiff should, therefore, have been nonsuited.

The judgment must be reversed and a new trial granted, costs to abide event.

Dykman, J., concurred; Pratt, J., not sitting.

Judgment and order denying a new trial reversed and new trial granted, costs to abide event.