### FORDE *v.* NICHOLS *et al.*

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. NEGLIGENCE—OBSTRUCTIONS ON HIGHWAY.
   In an action for personal injuries from a fall, alleged to have been caused by an obstruction in a highway, constituting a nuisance, a charge to the jury that to entitle plaintiff to recover he must establish defendants' negligence and absence of contributory negligence on his part, is more favorable to defendants than they have a right to ask, and a verdict for plaintiff, on evidence abundant to warrant it, will not be disturbed on appeal.

2. EVIDENCE OF DAMAGES.
   A question to a medical witness, in an action for personal injuries: "What results will follow with reasonable certainty from the injuries which you observed?" —is competent and proper.

3. NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE.
   In an action for personal injuries from a structure alleged to be an encroachment on the public highway, testimony as to the nature, appearance, and use of the structure within a few hours after such injuries is relevant and competent.

Appeal from trial term.

Action by John Forde against James E. Nichols and others for damages from injuries to the person of plaintiff, alleged to have resulted from the maintenance by defendants of a structure in the public street, constituting an encroachment on the highway. Defendants appeal from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Henry D. Hotchkiss,* for appellants. *Hascall, Clarke & Vanderpoel, (John Proctor Clarke,* of counsel,) for respondent.

PER CURIAM. This case presents no error of sufficient importance to call for a reversal of the judgment and order appealed from. The evidence was abundant to warrant the verdict, and the facts proved established defendant's liability beyond all question. So, also, the charge, proceeding partly upon the theory that to entitle plaintiff to a recovery he must establish defendant's negligence and absence of contributory negligence on his part, was more favorable to defendants than they had a right to ask. Wood, Nuis. § 295 et seq., and cases cited; *Irvine* v. *Wood,* 51 N. Y. 224; *Creed* v. *Hartman,* 29 N. Y. 591; *Congreve* v. *Smith,* 18 N. Y. 79; *Congreve* v. *Morgan,* Id. 84. The question addressed to and answered by plaintiff's medical witness, Dr. Palmer: "What results will follow with reasonable certainty from the injuries which you observed?"—was competent and proper, and was in strict accord with the ruling in *Strohm* v. *Railroad Co.,* 96 N. Y. 305. So, also, the testimony of John K. Forde, a witness for the plaintiff, as to the nature, appearance, and use of the structure claimed to be an encroachment upon the public highway, within a few hours after the injuries to the plaintiff, was relevant, and therefore competent, and properly allowed. The judgment and order appealed from should be affirmed. with costs.