### DEVINE v. NATIONAL WALL PAPER CO. (two cases).

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. ORDINANCES—STREETS—CONSTRUCTION OF AREAWAY.

A city ordinance providing that no person shall construct an area into the street in front of any building extending more than five feet, or not provided with a sufficient railing to protect travelers from falling therein, etc., gives permission to construct areaways conforming to the conditions named in the ordinance.

2. SAME—DUTY TO USE REASONABLE CARE—EXTENT OF DUTY.

A person constructing and maintaining an area in front of a building in accordance with an ordinance authorizing the construction of areas under certain prescribed conditions is under an obligation to use reasonable care to provide against accidents to persons using the street, and this duty requires not only that the area be properly constructed ·in the first instance, but that it be inspected and repaired.

3. SAME.

This duty runs with the land so long as the area is maintained for the benefit of the premises.

4. SAME—INSUFFICIENT RAILING—EVIDENCE—SUFFICIENCY.

In an action against the lessee of a building for personal injuries to a boy caused by the giving way of a railing erected around an area constructed under an ordinance requiring areas to be protected by a sufficient railing, evidence considered, and *held* to require submission to the jury of the issue as to defendant's negligence in failing to keep the railing in good repair.

Appeals from Trial Term, Kings County.

Separate actions by Thomas Devine and Edward Devine by guardian ad litem against the National Wall Paper Company. From judgments for defendant in each action, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James C. Cropsey (F. W. Catlin, on the brief), for appellants.

Louis Marshall, for respondent.

WOODWARD, J. Two actions—one of them for the loss of the services of a son six years of age, and the other for personal injuries to such son—were tried together, resulting in a nonsuit, the plaintiffs appealing. Under such circumstances the plaintiffs are entitled to the most favorable view of the evidence which a jury might properly have taken, and we are of opinion that the evidence was such that the case should have been submitted to the jury. The defendant was the lessee of a building located on the west side of Hicks street, in the borough of Brooklyn, under a 10-years lease, with a privilege of a renewal for 10 years; the lease bearing date of June 1, 1892. Defendant was under a covenant to make all inside and outside repairs, and to keep the premises in good and tenantable condition, and no question is raised that the defendant was responsible for the condition of the premises to the same degree that the owner would be in the absence of such covenants. For the purpose of adding to the usefulness of this building, an areaway had been constructed in front of the building from Baltic street to the middle of the block, under the

provisions, we may assume, of chapter 3, art. 6, § 2, of the ordinances of the city of Brooklyn, which are in evidence, and which provide that no person shall construct "any area into the street, in front of any building, which shall extend more than one-fifteenth part of the width of any street, or more than five feet, or which shall not be provided with a sufficient railing on the top thereof, to protect travelers from falling therein, placed not more than six inches from the inside of the coping on the wall of such area, and with no gates opening outward," etc.   This, under the rule recognized in Jorgensen v. Squires, 144 N. Y. 280, 286, 39 N. E. 373, must be construed to give permission for the construction of areaways not exceeding five feet in width, under the conditions named in the ordinance; and the evidence in this case shows that the areaway was well within this limit, which unquestionably relieves the defendant of responsibility for maintaining a nuisance in the highway. Jorgensen v. Squires, supra.   But it did not relieve the defendant from an obligation to use reasonable care to provide against accidents to those lawfully using the highway.   The areaway was built for the accommodation of this building, and was, for the benefit of this property only.   It took from the plaintiff and the public generally a portion of this highway, and the law placed upon the owner or tenant of this property the obligation of using due care to keep it in a suitable and safe condition for the public.   Proper construction in the first instance was not enough to relieve the defendant from liability, but the duty of inspection and repair continued while it owned or was in the exclusive possession of the premises.   The duty ran with the land as long as the areaway was maintained for the benefit of the premises. Trustees of Canandaigua v. Foster, 156 N. Y. 354, 359, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575, and authorities there cited.

The evidence in this case shows that on top of the area, and adjacent to the sidewalk, a railing was constructed, consisting of posts inserted in the ground, upon the outside of which there were nailed three boards, eleven inches apart; the lowest being about nine inches from the sidewalk; the boards being each about five inches in width. On the evening of August 25, 1900, at about half past 8 o'clock, Edward Devine, a boy about six years of age, accompanied his mother from her home, on Baltic street, to Hicks street, where she had occasion to make some purchases.   Mrs. Devine had a baby with her in a carriage, which she left in front of the defendant's premises in charge of Edward; crossing the street for the purpose of doing her trading.   She returned with some bread and cakes, a portion of which she gave to the boy, whom she intended sending home, while she went on to a butcher's shop.   She testifies that:

"After I gave him the parcel with cakes in it, I did not tell him to eat one of the cakes.   He just opened it.   He opened the little bag and sat down on the piece of wood, and it went down with him.   He sat down on this railing. He took this package and sat down on the railing with it—the lower railing. I say he sat on that railing.   I didn't say on my direct examination he lay on the board, sir.   I said he sat on the board.   If I said he lay on the board, I didn't mean it, then, for he could not lay on the board.   I don't think he could.   I think I said he sat back against the board.   I say he sat against the board.   He sat right on it when it went down with him.   That is what I said

a while ago. He sat right on it, and it went down with him. He sat on it. I saw all this."

She had previously testified that "at each side of that railing there are three boards. He sat on the lower one." That is, this child of six years backed up against this railing and sat on the edge of the lower board, and under this pressure the board gave way and precipitated him into this areaway, which had been excavated in the highway for the benefit of the defendant, and it is claimed that the board, which was in evidence, showed decay; and there was other evidence tending to show that the railing, which the ordinance required should be "sufficient * * * to protect travelers from falling therein," was in a condition from which the jury might properly have drawn an inference of negligence. It was only by the permission of the municipal officers that the presence of this areaway was relieved from the character of a nuisance, and the obligation imposed by the ordinance, as well as by operation of law, was to use reasonable care to make the highway safe for those lawfully using the same. The person receiving the license is held to impliedly agree to perform the act permitted with due care for the safety of the public, and is made liable for any violation of duty in this regard. Babbage v. Powers, 130 N. Y. 281, 286, 29 N. E. 132, 14 L. R. A. 398, and authorities there cited. The general doctrine is that the public are entitled to the street or highway in the condition in which they placed it (Congreve v. Smith, 18 N. Y. 79, 82), and that any act of an individual done to the highway, if it detract from the safety of travelers, is a nuisance (Congreve v. Smith, supra, citing authority), unless done by the permission of those having authority; and it would seem that the duty of a licensee would require such safeguards as to make the highway relatively as safe as without the encroachment, and reasonable care in their maintenance. Tried by this standard, the jury might have found that the railing constructed did not meet the demands of the situation; that the danger to be reasonably apprehended in that locality from the presence of children and others was such as to demand that the railing should be made of stronger materials, or at least that the materials which were used should be kept in such condition that they would not fall down under any slight pressure brought to bear upon them by children who had a lawful right in the highway, and who are not bound, by the laws of this state, to be actually engaged in going to or from some definite point, and to be continuously on the move, in order to be entitled to the protection which belongs to travelers. We think that where the law requires the erection and maintenance of barriers, especially under circumstances where the rights of the public are invaded for the benefit of private individuals, it is only fair that the barriers should be of such a substantial character, and maintained in such a condition, that they will withstand any reasonable pressure which it may be presumed will be brought against them in the ordinary conduct of people lawfully using the highway. This is what is required by the fair reading of the ordinance under which the defendant maintains this areaway. It is forbidden to do so except upon the condition that it shall be "provided with a sufficient railing on the top thereof, to protect

travelers from falling therein," and by "travelers" we are to understand people who are lawfully using the highway. A railing sufficient to protect travelers is a railing which, considered in the light of everyday experiences—the common disposition of people meeting and occupying the highway to lean upon or place their feet upon such railings—might be reasonably expected to serve this purpose. It is probably true that such a barrier need not be strong enough to hold a number of persons sitting upon the same—need not, of necessity, be strong enough to hold a single person—but to say, as a matter of law, that a barrier which permits a child six years of age to back through it, to its injury, is a compliance with the duty of one who has created a defect in the highway for his own purposes, does not seem to us consistent with justice, and we are persuaded that a question was presented which should have been submitted to the jury.

Assuming that it was a matter resting in the discretion of the court to compel the plaintiff to elect between negligence and nuisance, we are of opinion that the case did not demand this treatment, and that the request of the plaintiff to go to the jury on the question of negligence should have been granted.

The judgments appealed from should be reversed, and new trials granted; costs to abide the event. All concur.