Angela Massa, Plaintiff, *v.* City of New York, Defendant and Third-Party Plaintiff. Giulio Buonafede, Third-Party Defendant.

Supreme Court, Special Term, Bronx County, November 16, 1951.

*Frederick W. Eggert, Jr.,* for third-party defendant.

*John P. McGrath, Corporation Counsel* (*George P. Hennessy* and *David B. Brooks* of counsel), for defendant and third-party plaintiff.

Matthew M. Levy, J. The plaintiff is suing the City of New York for injuries sustained when she fell on the public sidewalk in front of premises 4570 Richardson Avenue, The Bronx. This fall, it is alleged, was caused by the city's negligence in permitting the sidewalk to become broken and to have a large hole therein so as to constitute a trap. The city has served, pursuant to section 193-a of the Civil Practice Act, a third-party complaint upon the owner of the premises, in which complaint it is asserted that the owner used the sidewalk in front of his premises as a driveway to his garage, and that it was his duty to maintain the sidewalk in a reasonably safe condition.

The third-party defendant now moves, pursuant to the then subdivision 5 of rule 106 of the Rules of Civil Practice, to dismiss the third-party complaint of the city as third-party plaintiff on the ground that no cause of action is stated.

No doubt, if the third-party plaintiff (the municipality) and the third-party defendant (the owner of the abutting premises) were joint tort-feasors *in pari delicto* as urged by the moving party, the impleader sought to be invoked under section 193-a of the Civil Practice Act would not stand. (*Fox* v, *Western New*

*York Motor Lines,* 257 N. Y. 305, Note 11 A. L. R. 2d 221, 228, 234; see " Recommendations Relating to Bringing Additional Parties into an Action," Twelfth Annual Report of N. Y. Judicial Council, 1946, 163, 215–217, with respect to Recommendations Relating to the Extension of the Remedy of Impleader.)

On the other hand, if there were special utilization of the public sidewalk by the abutting owner which created the defective condition causing the accident, he may be impleaded under the statute (*Schrold* v. *City of New York,* 273 App. Div. 872, affd. 298 N. Y. 738). The primary duty to maintain the sidewalk in a reasonably safe condition rested upon the city (*Storrs* v. *City of Utica,* 17 N. Y. 104; *Turner* v. *City of Newburgh,* 109 N. Y. 301). But the responsibility of the property-owner under the special-use or special-benefit rule survives the city's primary obligation of maintenance. (*Gordon* v. *City of Albany,* 278 App. Div. 233; *Nickelsburg* v. *City of New York,* 263 App. Div. 625; *Trustees of Vil. of Canandaigua* v. *Foster,* 156 N. Y. 354; *Schrold* v. *City of New York, supra.*)

If, therefore, the pleading were sufficient to show the required proximate causation, I would hold that the third-party plaintiff would be entitled to a trial upon its complaint to determine whether under the facts the special-use rule is applicable.

The difficulty with the present third-party complaint, however, is that it contains no adequate allegation connecting the alleged defective condition of the sidewalk which caused plaintiff's fall with the alleged condition of the sidewalk created by the claimed special use of the abutting owner. What attempted allegations there are in that regard are too inferential and conclusory.

The motion to dismiss is, therefore, granted, with leave to serve an amended third-party complaint within ten days after service of a copy of this order with notice of entry.