IRVING BERGMAN, Plaintiff, *v.* PETER GEORGE, Defendant and Third-Party Plaintiff. SOL YUCHTMAN, Third-Party Defendant.

Supreme Court, Special Term, Bronx County, November 12, 1952.

*Burton N. Pugach* for third-party defendant.

*John J. O'Connor* and *Francis X. Curley* for third-party plaintiff.

MATTHEW M. LEVY, J.  In this action for negligence the third-party defendant moves by separate motions to dismiss the complaint against him, and for summary judgment in his favor.  If the third-party complaint were dismissable in the light of sections 193-a and 211-a of the Civil Practice Act, the motion for summary judgment under rule 113 of the Rules of Civil Practice would be unnecessary.  If the third-party complaint were sustained as a matter of pleading, then the motion for summary judgment would have to be considered on the basis of the documentary and controverting proof presented pro and con by affidavit.  I have come to the conclusion that the third-party complaint is good, and that the motion to dismiss it under sections 193-a and 211-a of the Civil Practice Act should be denied; and that, if the motion for summary judgment were reached, that too should fail, because under rule 113 of the Rules of Civil Practice the facts established prima facie by documentary evidence in support of the motion were rendered inconclusive by proof sufficient to raise an issue with respect thereto.

The complaint-in-chief alleges that the defendant George was, on June 12, 1951, the lessee and in possession and control of a certain grocery store; that on that day the plaintiff, while making a delivery of bread at this store, fell through a trap-door hole in the floor of the store and sustained personal injuries; and that these injuries were caused solely through the negligence of the defendant in that he carelessly maintained the opening and left it unguarded.  The defendant in his answer generally denies the allegations of the complaint but admits that he was the lessee of the store premises prior to June 12th, the date when the accident occurred.

The defendant George, as third-party plaintiff, issued a third-party summons and complaint as against one Yuchtman, the third-party defendant, pleading that if the main plaintiff recovers against George as the defendant-in-chief, the latter as the third-party plaintiff would be entitled to be indemnified by Yuchtman, the third-party defendant.  In the third-party com-

plaint, it is alleged that, prior to April 1, 1951, George operated and controlled the grocery store; that he and Yuchtman entered into an agreement whereby the former sold and the latter purchased the grocery business, fixtures, etc.; that on or about April 1st Yuchtman went into possession; and that at all times thereafter it was Yuchtman who was in sole possession, operation and control of the store. George alleges further that if the plaintiff-in-chief did sustain injuries as claimed in his complaint, they were caused by the active and affirmative negligence of Yuchtman in the possession, operation and control of the store, in that it was Yuchtman who would be negligent in the manner set forth in the complaint, all of which would have occurred without any active or affirmative conduct on the part of George contributing thereto.

In the moving affidavits of Yuchtman, the buyer and the impleaded defendant, it is admitted that on or about April 1st he entered into negotiations for the purchase of the grocery store from George, and that on June 12th Yuchtman was present in the store when the plaintiff-in-chief was allegedly injured. But Yuchtman claims that George was still the owner on June 12th (the date of the accident) and remained as such until June 22d, on which date the bill of sale (which is submitted as an exhibit) was executed and delivered, and that he, the buyer, was upon the premises prior to that date only for the purpose of observing the type and value of the business. George's opposing affidavit alleges an actual sale before June 22d, and that from April 1st to June 22d he had nothing to do with the operation and management of the business. He alleges further that Yuchtman received all income from the business as of April 1st and that the only reason for delay in delivering the formal bill of sale was that the required beer license was not obtained until June 22d and that the sale was conditioned upon that. The earlier agreement to sell appears to be in writing, but is not produced.

Let us consider the contentions of Yuchtman, the third-party defendant, as the moving party. Firstly, he claims that the bill of sale of June 22d is conclusive of ownership as between him and his seller, George, and that therefore on June 12th, the date of the accident, Yuchtman had nothing to do with the premises, and that, consequently, George as the third-party plaintiff cannot maintain his claim against the impleaded defendant, who is thus entitled to judgment under rule 113. The latter claims further that it appears from the face of the main

complaint that the defendant George is charged with personal active negligence, and consequently George cannot recover over because of his own affirmative guilt. Finally, it is argued that at best the seller and buyer were mutually interested in the premises at the time of the accident, that both were in control of the store, and that therefore they were joint tort-feasors, and as such the third-party defendant cannot be proceeded against under sections 193-a and 211-a of the Civil Practice Act.

Of course, if it conclusively appeared that the store were sold and transferred to Yuchtman, the third-party defendant, after the occurrence of the accident, and that he in no way had anything to do with the operation or maintenance of the premises or the business, the third-party complaint should be dismissed on the motion for summary judgment. The buyer relies upon the bill of sale, made after the date of the accident. But, as has been seen, the precise date of the definitive transaction — the transfer of title and possession — is in sharp dispute. Questions of fact are raised which cannot be disposed of on the motion for summary judgment, unless it be held as a matter of law that the date on the bill of sale is conclusive as to ownership and control prior thereto.

As to this point, I hold that the final bill of sale is not decisive upon the issues tendered and does not incontrovertibly establish that George was the owner and in sole control of the premises and the business at the time of the accident. I do not agree with the movant's contention that the parol evidence rule inexorably requires a holding that the bill of sale is conclusive. Not alone is the date on a document subject to defeasance by proof of actual fact (*Draper* v. *Snow,* 20 N. Y. 331, 333; *Kincaid* v. *Archibald,* 73 N. Y. 189, 193); but, in my view, the parol evidence rule is inapplicable entirely to a situation such as that presented here. In coming to this conclusion, I do not rely on the unsound argument that an agreement entered into between George and Yuchtman would affect the rights of an injured third party (such as the plaintiff-in-chief) as against one or the other of the contracting parties. (See *Robert* v. *United States Shipping Bd. Emergency Fleet Corp.,* 240 N. Y. 474; *Brown* v. *Thurber,* 77 N. Y. 613; *Nalaboff* v. *Stanley-Mark-Strand Corp.,* 263 App. Div. 530, and *Kelly* v. *United Cigar Stores Co.,* 170 N. Y. S. 933.) My capsule view is that the parol evidence rule should truly govern admissibility of evidence only in controversies of a contractual nature. And the present is a case of claimed recovery over by compulsion of fact, not by agreement of the parties.

The issue here is one of factual, not consensual, indemnity. If in fact the buyer was in sole control when the accident occurred, any written agreement with the seller to the contrary effect is of course admissible in evidence on the issue of the merits and as to credibility, but it does not preclude proof of the actual fact. We need not — indeed, we cannot — now speculate as to what the situation will prove to be upon the trial.

As to the second contention, it is true that personal affirmative negligence is claimed as against George by the plaintiff-in-chief. " If that is all that is ultimately established, the Trial Term will not permit a recovery over " (see *Johnson* v. *Endicott Johnson Corp.*, 278 App. Div. 626). But the allegations of the main complaint are not determinative at this point; it is alleged in the third-party complaint that control was in fact in the impleaded defendant — and this allegation too must be taken into consideration in passing upon the issues as a matter of pleading (*Schoenfeld* v. *Four Leaf Clover Realty Corp.*, 273 App. Div. 824, motion for leave to appeal to Court of Appeals denied 273 App. Div. 868; *Robinson* v. *Binghamton Constr. Co.*, 277 App. Div. 468, 470; *Tabor* v. *Stewart*, 277 App. Div. 1075).

Moreover, the complaint-in-chief goes beyond the moving party's claim. That complaint charges George with being the lessee and in possession and control of the store premises, and in possession, control and management of the business and of the trap door. No allegation is made in the complaint (or elsewhere, for that matter) as to ownership of the premises. Of course, the owner (with another as lessee) had no right to possession and could not control; it was the lessee as alleged who had possession and control. If the leasehold to the store premises were in George and he had not parted with the right to possession he would be liable. George would be liable also if he were the nominal owner of the business even though someone else conducted it for him, for ownership of the business includes use and control of the trap door. In short, in order to succeed upon the complaint, plaintiff-in-chief need not prove that George was the lessee, and that he was personally and solely in possession and control of the premises under the lease, and also the owner of the business and personally and solely in control thereof. And if, as claimed in the third-party complaint, Yuchtman was in fact in sole operation and control at the time of accident (and if George is held responsible to the plaintiff by reason of nominal ownership of the premises or the business), then George ought to recover over as against Yuchtman.

As to the third proposition, I recognize of course that (notwithstanding Civ. Prac. Act, § 193-a) there can be no indemnity between joint tort-feasors *in pari delicto* (*Massa* v. *City of New York*, 201 Misc. 259). But there is nothing in the pleadings (or the other papers before me) to persuade me that the parties were necessarily joint tort-feasors. At the present stage, the plaintiff-in-chief can succeed against defendant George despite any subsequent development upon the trial leading to the conclusion that it was Yuchtman who was in sole operation of the business. The third-party plaintiff's complaint for recovery over is predicated upon the claim of the third-party defendant's negligence. Whether or not the bill of sale of June 22d is controlling, George may still be liable to the plaintiff on the basis of his ownership and control of the premises, and Yuchtman may be liable over for his negligence in the operation and management of the business. Or the proof might show that George had legally divested himself of all right to possession and control of both the premises and the business — in which event plaintiff may not succeed, and of course there will be no recovery over. Or the situation may be that both George and Yuchtman remained in joint operation and control of the premises and the business, or of either, in which event there would be no recovery over. Since, however, it is possible that George can and may be held liable to the plaintiff-in-chief — not because of his personal activity — but only because of the lease-ownership situation (whereas actual possession and management were in Yuchtman), the opportunity to George for recovery over must await development of the facts upon the trial.

In short, the determination of all the issues must await a trial, and accordingly both motions are denied. None of the material factors or issues, urged by the third-party plaintiff in opposition to these motions, is eliminated, nor is its effect conclusively diminished (at least at the present pleading or summary-judgment stage) by reason of the third-party defendant's attempt to establish a different factual or legal situation.