ELIZABETH CHANNELL, Plaintiff, v. CITY OF ROCHESTER et al., Defendants.

RUSSELL CHANNELL, Plaintiff, *v.* CITY OF ROCHESTER et al., Defendants.

Supreme Court, Special Term, Monroe County, April 8, 1955.

*Honora A. Miller, Corporation Counsel* (*Charles E. Kaiser* of counsel), for City of Rochester, defendant-movant.

*William H. Morris* for East Avenue Corp., defendant-respondent.

WITMER, J. Defendant, City of Rochester, seeks permission to serve an amended answer herein containing a cross action against its codefendant, East Avenue Corp. The latter opposes the motion upon the grounds of laches and that it is too late under the statute, section 264 of the Civil Practice Act.

These are actions by plaintiffs to recover damages resulting from injuries sustained by plaintiff wife in October, 1952, when she fell on a sidewalk on the north side of James Street, adjoining the property of defendant, East Avenue Corp. Complaints were served in May, 1953, and defendants answered in the summer of that year. The cases were noticed for trial for the term commencing November 2, 1953, and they appeared upon the Day Calendar in the spring of 1954. Thereafter, at the request of plaintiffs they were adjourned on several occasions. When they appeared upon the Day Calendar for trial on March 17, 1955, the defendant, East Avenue Corp., insisted that the cases proceed to trial, but plaintiffs sought further adjournment; and counsel for plaintiffs and for defendant, East Avenue Corp., then agreed that plaintiffs would give the latter a covenant not to sue in return for the payment of $300, and would discontinue the actions as against such defendant. Counsel for the latter immediately advised counsel for the defendant city thereof and also advised the assignment court clerk, and pursuant to such agreement a stipulation of discontinuance of these actions as against defendant, East Avenue Corp., was filed in the County Clerk's office on April 5, 1955. Upon affidavit dated March 22, 1955, defendant, City of Rochester, instituted this motion returnable in this court on April 5, 1955, for permission to amend its answer.

Section 264 of the Civil Practice Act provides in part as follows: " *Controversy between parties.* Where the judgment may determine the ultimate rights of the parties on the same side, as between themselves, or of a party who claims that any other party to the action is or may be liable to him for all or part

of a claim asserted against him in the action, the party who requires such a determination must demand it in his pleading, and at least twenty days before the trial must serve a copy of his pleading upon the attorney for each of the parties to be affected by the determination * * * The controversy between the parties shall not delay a judgment in the main controversy, unless the court otherwise directs."

The settlement between plaintiffs and defendant, East Avenue Corp., presumably was the basis upon which the cases were further adjourned as against the defendant city. The cases were then reached, and it was too late under the statute for defendant, City of Rochester, to move to amend its answer as now sought. As a result of the settlement, defendant, East Avenue Corp., ceased to be a party to the actions, but the settlement was not consummated by the entry of the stipulation of discontinuance until the day this motion was argued.

The granting of this motion would put the defendant, East Avenue Corp., back into these actions, although it has settled with plaintiffs. In the light of respondent's change of position, the case of *Schlemovitz* v. *City of New York* (81 N. Y. S. 2d 282) is not applicable. In view of the fact that defendant, City of Rochester, has had over a year and a half in which to determine whether or not to bring a cross action against its codefendant, and failed to do so until the codefendant was released from the actions by the plaintiffs, movant is guilty of laches. The courts favor settlements of actions. No claim had been made against defendant, East Avenue Corp., by defendant, City of Rochester, when the former had the opportunity to settle with plaintiffs; and it could hardly be expected that respondent would invite movant city to make a cross claim by asking the city for a release at that time.

In its moving papers defendant, City of Rochester, has not set forth the merits of its cross action. A motion of this sort to some extent is addressed to the reasonable discretion of the court, and in order to invoke the exercise of that discretion the movant has the burden of showing that it has a bona fide basis for the action. This it has not done; and the motion must fail for this reason also.

Of course, if the defendant, East Avenue Corp., is indeed liable to the defendant, City of Rochester, which under a certain showing it might be (*Massa* v. *City of New York,* 201 Misc. 259), the denial of this motion cannot prejudice movant's right to institute an action against respondent. (See *Glaser* v. *Huette,* 232 App. Div. 119, affd. 256 N. Y. 686; *Corey* v. *Central Taxi,*

199 Misc. 403; *Boyne* v. *Samac Motors,* 91 N. Y. S. 2d 634, and see *Schlemovitz* v. *City of New York,* 81 N. Y. S. 2d 282, 284, *supra.*) The city has permitted a situation to come about whereby it is not now unjust to require it to defend these actions alone, and if it is unsuccessful in the defense, to seek redress later against respondent, if in the light of events it is so advised.

The motion is, therefore, denied.

Submit order accordingly.