Charles A. Loreto, J.
Motion by defendants Cavanagh’s Enterprises, Inc., and John J. Cavanagh, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the second cause of action brought against them is granted, with leave to replead.
*500 The complaint, as it relates to movants, seeks recovery of damages for personal injuries sustained by reason of the alleged negligence of these defendants in permitting the roadway in front of their premises to be dug, resulting in an unguarded trench into which the plaintiff, a pedestrian, fell.
It appears that this accident occurred on the roadway in a public street and that the dangerous condition complained of consisted of a trench which had been dug in the roadway by contractors engaged by the city. The complaint fails to allege that this condition was created by either Cavanagh’s Enterprises, Inc., or John J. Cavanagh, or gives any indication of their interference with the roadway. There is an absence of any statement of ultimate facts from which it might be inferred that they assumed any obligation to maintain the place where the accident took place. Absent any such allegation, no liability can be predicated against them (Congreve v. Smith, 18 N. Y. 79; Sciremammana v. City of New York, 271 App. Div. 842; McCutcheon v. National City Bank, 265 App. Div. 878, affd. 291 N. Y. 509). Nor is there any allegation of any special use by movants of the roadway fronting their premises (Nickelsbury v. City of New York, 263 App. Div. 625; Langfelder v. City of New York, 271 App. Div. 309). Thus, the only connection with the occurrence of the accident to which these defendants can be related is that one was the owner and the other the lessee of one of the buildings fronting the trench and maintained as a restaurant. In this situation, plaintiff assumes in his complaint the duty of movants to safeguard persons leaving the restaurant from injury sustained on the roadway. In the absence of any allegations showing upon which facts such duty rests, the complaint is palpably deficient to predicate liability on the part of these moving defendants (Massa v. City of New York, 201 Misc. 259).
Plaintiff may serve, if he be so advised, an amended complaint within 20 days after service of a copy of this order, with notice of entry.